## HOTELLING v. FARGO-WESTERN OIL CO.*
(No. 1310; July 28, 1925; 238 Pac. 542)

MASTER AND SERVANT—WORKMEN'S COMPENSATION LAW—WORDS AND PHRASES—CULPABLE NEGLIGENCE.

1. Under Comp. St. 1920, §§ 4315-4348, Workmen's Compensation Act, there is a prima facie right to compensation when disability or death is result of an injury sustained in extrahazardous employment, as defined by the statute, and the right to compensation should not be denied unless the injury was due solely to the negligence of the workman whose injury or death is the basis of the claim, and the burden of proving such affirmative defense is on the employer, in view of section 4326.

2. The word "solely," as used in amendment to Const. art. 10, § 4, and Workmen's Compensation Act, Comp. St. 1920, § 4316, enacted pursuant to authority there given, is a word of exclusion, and may be used to mean "only" or "exclusively," and as used must be given a reasonable meaning, in view of the known policy of the act.

3. Under Workmen's Compensation Act, § 4318, extrahazardous occupations are placed in the category of dangerous agencies, and questions of negligence on the part of the master, the injured workman, or a fellow workman are all immaterial except in so far as may assist in determining whether the injury was due solely to the culpable negligence of the injured workman, and contributory negligence or assumption of risk is not available as a defense.

4. In an action under the Workmen's Compensation Law, where the deceased was assisting a fellow workman in replacing a defective orifice in a gas pipe, where it was necessary first to shut off the gas in the pipe by closing two valves, one above and one below the point where the orifice was located, evidence that death was caused by failure to close fully one of these gates or valves *held* insufficient to warrant finding that deceased's negligence was the sole cause of his death, so as to preclude recovery under Comp. St. 1920, § 4316, whether it was due solely to fellow workman's negligence being immaterial.

*See Headnotes (1) Workmen's Compensation Acts, C. J. p. 126 (Anno); (2) Workmen's Compensation Acts, C. J. p. 88 (Anno), Solely, 36 Cyc. p. 510; (3) Workmen's Compensation Acts, C. J. pp. 7, 88 (Anno); (4) Workmen's Compensation Acts, C. J. p. 127.

ERROR to District Court, Natrona County; BRYANT S. CROMER, Judge.

Proceedings under the Workmen's Compensation Law by Mrs. Avery Hotelling for the death of her husband while employed by the Fargo-Western Oil Company. From a judgment disallowing her claim to compensation, plaintiff brings error.

*E. Paul Bacheller* for plaintiff in error.

The question involved requires an interpretation of 4316 C. S.; "Culpable Negligence" is defined in Burns' case 218 Mass. 8; 105 N. E. 601; as meaning gross negligence; see also 20 R. C. L. 22; Boin v. Co. (Calif.) 102 Pac. 927; as to degrees of negligence see Baltimore Co. v. Ruzicka, (Md.) 104 Atl. 167; Md. Cas. Co. v. Com. (Calif.) 178 Pac. 542; Rideout Co. v. Pillsbury, (Calif.) 159 Pac. 435; the Act applies to employments declared to be extra hazardous, and it was intended that only the grossest forms of negligence would defeat recovery; the Act must be construed as a whole; Uphoff v. Bd. (Ill.) N. E. 128; Peet v. Mills (Wash.) 136 Pac. 685; 28 R. C. L. 755; the rule of liberal construction applies; Milwaukee v. Miller, 144 N. W. 188; U. S. F. & G. v. Com., 163 Pac. 1013; Steamboat v. King, 16 How. 474; the law was designed to obviate the delay of jury trials and appeals.

*Hagens & Murane* for defendant in error.

Injuries due solely to culpable negligence of employee do not warrant a recovery under Sec. 4316 C. S. the authorities cited by plaintiff in error are distinguishable from the case at bar on the facts; "culpable negligence" and "gross negligence" are not synonymous; Peoria v. Clayberg, 107 Ill. 644; culpable means blamable; Vol. 2 Words & Phrases, page 1780; the intent of compensation law is that industry shall bear its share of the loss due to accidents suffered by reason of the hazards thereof; nevertheless, the employee bears some responsibility in the premises. Many Compensation Acts have used the words "wilful misconduct" to

bar a recovery; the fact that our legislature used "culpable negligence" shows a clear intention to substitute the meaning of the word "blamable" for the word "wilful" 28 R. C. L. 756-757; a judgment based upon conflicting evidence will not be disturbed; 28 R. C. L. 828; the trial court found that the accident was due to the culpable negligence of deceased.

KIMBALL, Justice.

The plaintiff in error claimed compensation under the Workmen's Compensation Law as the widow of a workman, Avery Hotelling, who was killed while employed by the defendant in error, a corporation engaged in producing and marketing oil and gas. The employer objected to an award on the ground that the workman's death was due solely to his culpable negligence. The district judge disallowed the claim on that ground. The claimant brings the case here on error. The only assignment of error is that the evidence is not sufficient to sustain the order of disallowance.

The facts may be shortly stated as follows: In a pipe-line maintained by the employer for carrying gas there is placed a disc-like device, called an "orifice," used in measuring the gas that goes through the pipe. The place where this orifice is put is enclosed by the meter-house. It sometimes becomes necessary to change the orifice. The proper procedure in doing this, is first to shut off the gas in the pipe by closing two valves or "gates," one above and one below the point where the orifice is located. Then the dead gas in the line between the two shut-off points should be permitted to exhaust by means of a blow-off cock in the meter house. When the dead gas has thus escaped, it is safe to break the pipe to change the orifice. About the middle of November, 1924, a workman named McDonald undertook the job of changing the orifice in this line. He was fully instructed as to the manner of doing this. Hotelling was assigned to assist McDonald. There is no evidence that Hotelling had ever before changed an orifice or opened up a gas line, nor

that he received any instructions in regard to how such work should be done. He had, however, been employed for many years in oil and gas fields, usually as a driller or tool-dresser. He was employed at the time in question as a ''roustabout,'' which we take to mean that he did any ordinary work that might be assigned to him. It is argued, and may be assumed that the district court found, that Hotelling should have known and appreciated the danger of opening a pipe-line carrying gas. Both McDonald and Hotelling were found dead from asphyxiation in the meter-house, where the orifice was to have been changed. It is evident that they died almost instantaneously on breaking the pipe preparatory to changing the orifice. No one else was present at the time. Only one of the shut-off valves or gates in the pipe was fully closed. The other, only partly closed, permitted gas to continue to run in the pipe at the point where the orifice was to have been replaced. The breaking of the pipe while this valve or gate was not properly closed was evidently the cause of the disaster.

In 1913, Section 4 of Article 10 of the State Constitution, provided that,—

''No law shall be enacted limiting the amount of damages to be recovered for causing the injury or death of any person. Any contract or agreement with any employe waiving any right to recover damages for causing the death or injury of any employe shall be void.''

It was thought that this provision forbade enactment of a workman's compensation law which was then in contemplation, and to remove the constitutional obstacle the legislature of 1913 submitted an amendment to said section which reads in part as follows:

''As to all extra hazardous employments the legislature shall provide by law for the accumulation and maintenance of a fund or funds out of which shall be paid compensation as may be fixed by law according to proper classifications to

each person injured in such employment or to the dependent families of such as die as the result of such injuries, except in case of injuries due solely to the culpable negligence of the injured employee.   *   *   *   The right of each employee to compensation from such fund shall be in lieu of and shall take the place of any and all rights of action against any employer contributing as required by law to such fund in favor of any person or persons by reason of any such injuries or death."

The amendment was adopted at the election held in November, 1914, and the following year the legislature passed the Workmen's Compensation Act, which appears in the Wyoming Compiled Statutes, 1920, as Sections 4315 to 4348.   Section 4316, following the language of the constitution as so amended, declares that,—

"Compensation herein provided for shall be payable to persons injured in extra-hazardous employments, as herein defined, or the dependent families of such, as die, as the result of such injuries, except in case of injuries due solely to the culpable negligence of the injured employee."

It is or must be conceded under the evidence, that the workman in this case was engaged in extra-hazardous employment as defined by the law, and that his death resulted from injury sustained in that employment. and the only limitation that is urged as a possible obstacle to the recovery of compensation by his widow is the provision denying the right of compensation "in case of injuries due solely to the culpable negligence of the injured employee."

The provision relied on is peculiar to our laws.   In other similar laws compensation is refused when the injury is caused by "serious and wilful misconduct," following the language of the English Act, or "wilful negligence," or a "deliberate intention to cause such injury," or when the injury is "purposely self-inflicted."   See cases cited in note to Baltimore Foundry Co. v. Ruzicka, 132 Md. 491, 104 Atl.

167, as reported 4 A. L. R. 113, and note to British Columbia Sugar Ref. Co. v. Granick, 44 Can. S. C. 105, as reported 2 N. C. C. A. 852. Under the English Act of 1906, the Alberta Act, and perhaps other acts that have not come to our attention, if the injury arose out of and in the course of the employment, and death or serious and permanent disability results, there is a right to compensation even though the injury was attributable to the serious and wilful misconduct of the workman. Bourton v. Beaucamp (1920) A. C. 1001; Grand Truck Pacific R. v. Morreau, 59 D. L. R. 458.

While these exceptions found in other laws differ from the exception in our law, they are thus briefly noticed to show the general purpose of all such laws to provide for compensation except in a very limited class of cases. They illustrate the liberal policy of disregarding the cause of the injury, or, rather, of assigning the hazards of the business as the cause, except where the justice of the case requires that the injury be charged solely to the misconduct of the workman. This policy will receive further notice later in this opinion.

The decisions under other laws are pertinent on the question of the burden of proof. It is held that the burden of proving that the workman was guilty of serious and wilful misconduct, or the like, is on the employer. In some of the statutes it is expressly so provided. Parson v. Murphy, 101 Nebr. 542, 163 N. W. 847 L. R. A. 1918 F; Haskell & B. Car Co. v. Kay, 66 Ind. App. 545, 119 N. E. 811; Nashville C. & St. L. Ry. v. Wright, 147 Tenn. 619, 250 S. W. 903. The rule seems to be the same without such express declaration in the statute. Gonier v. Chase Co., 97 Conn. 46, 58, 115 A. 677, 19 A. L. R. 83; Wick v. Gunn, 66 Okla. 316, 169 P. 1087; United States F. & G. Co. v. Industrial Acc. Com., 174 Calif. 616, 163 Pac. 1013; British Columbia Sugar Ref. Co. v. Granick, 44 Can. S. C. 105, 2 N. C. C. A. 852. In Kansas and Oklahoma it has been said that, "in order to defeat an award because of a statutory exception, the case

must be brought clearly within it." Bersch v. Norris &.
Co., 106 Kan. 800, 189 Pac. 934, 9 A. L. R. 1374; Wick v.
Gunn, supra.

We think it clear under our law that there is a *prima.
facie* right to compensation when disability or death is the
result of an injury sustained in extra-hazardous employ-
ment as defined by the statute. By Section 4326, the em-
ployer is required in his report of the accident to state
whether it was due solely to the culpable negligence of the
injured employee, and if so, to state the facts. The issue
is thus required to be raised by the employer as an affirma-
tive defense.

Is the evidence sufficient to justify the finding that the
death of the workman was due solely to his culpable negli-
gence? The case has been presented here, and probably
was tried in the court below, as though the answer to the
question depends on the meaning of the term "culpable
negligence." The employer contends that the word "cul-
pable," as here used, means no more than "blamable," or
"censurable," while the claimant argues that it should be
construed to mean "gross" or, perhaps, "wilful," and it.
seems to be assumed on both sides that if the workman was.
guilty of culpable negligence, there can be no award of com-
pensation. We are of the opinion that it is unnecessary for
the purposes of this case to discuss at any length the mean-
ing of the word "culpable," as here used, and shall assume
for the present that it may mean no more than "blamable,"
as contended by the employer. Whatever the degree or
kind of negligence meant to be designated, it is clear that
the right to compensation should not be denied unless the
injury was due solely to the negligence of the workman
whose injury or death is the basis of the claim.

The word "solely" must have been inserted in the con-
stitutional amendment and statute with a purpose. We
must give it some meaning consistent with the policy of the
act. "Solely" is a word of exclusion, and may be used to
mean "only" or "exclusively." Seitz v. Seitz, 11 App. D..

C. 358, 373; Horner v. Chicago etc. R. Co., 38 Wis. 165, 175. Broadly speaking, perhaps, no result can be said to be due solely to any one cause. As used in the constitutional and statutory exception, the word "solely" must be given a reasonable meaning in view of the known policy of the act which is a modern, humanitarian acknowledgment of the rights of a workman to compensation for injuries received in extra-hazardous occupations.

Section 4318 defining extra-hazardous occupations, declares, among other things, that each of said employments "is hereby determined to be extra-hazardous and in which, from the nature, conditions or means of prosecution of the work therein requires risks to the life and limb of the workman engaged therein are inherent, necessary or substantially unavoidable."

This section expresses the idea underlying the policy that justifies laws of this character. The law puts extra-hazardous occupations in the category of dangerous agencies. Because injuries in such occupations have become frequent and inevitable, a system of compensation is established in disregard of questions of fault on the part of the employer and also on the part of the employee, except in the extreme cases. See Mountain Timber Co. v. Washington, 243 U. S. 219, 243, 37 Sup. Ct. 260, 61 L. ed. 685, Ann. Cas. 1917 D. 642. In order that those designed to be protected by the act shall have compensation it is not necessary that it be shown that the employer was negligent, and the claim cannot be disallowed under our law on the ground of the culpable negligence of the workman unless such negligence was the sole cause of the injury.

The defense of contributory negligence is not available. This would be clear from the language of the exception under consideration, if from nothing else in the law, for contributory negligence cannot be a sole cause. Memphis Street R. Co. v. Shaw, 110 Tenn. 467, 473, 75 S. W. 713. Questions of negligence on the part of the master, the injured workman, or a fellow-workman, are all immaterial, except

in so far as they may assist in determining whether the injury was due solely to the culpable negligence of the injured workman.

The law does not contemplate that one engaged in extrahazardous employment shall assume the risk of injury from the negligence of a fellow-workman. A workman is excluded from benefits when it appears that the injury was due solely to his own negligence. It is then only that his negligence is "culpable" or "blamable," within the meaning of the exception. It follows that the case does not fall within the exception when the negligence of a fellow-workman has contributed to the injury.

The burden, as we have said, is on the employer to prove that the case is within the exception. Now we have a case where two workmen engaged in the same work, one exercising superintendence over the other, are found dead, with nothing to show just what had been done or omitted by either to cause the accident. The principle to be applied would be the same, if there were twenty workmen killed instead of two. In the case at bar we will grant that the trial court was warranted in saying that the accident was the result of negligence, but there is nothing to show that it was due solely to the negligence of either workman, unless it be the evidence that McDonald was in charge of the work and had been fully instructed as to the way it should be done. It is unnecessary to decide whether that evidence would have supported a finding that the accident was due solely to McDonald's negligence. We are clearly of opinion that there was no substantial evidence to warrant the finding that the death of the claimant's husband was due solely to his own negligence. It is not a question of conflict of evidence, but of a failure of proof to sustain an affirmative defense.

It follows that the order of disallowance must be reversed and the case remanded to the district court with instructions to make an order of award for the amount provided by law.

*Reversed and Remanded.*

POTTER, Ch. J.; and BLUME, J., concur.