366 P.2d 850

**Victor HOCKETT, Plaintiff-Appellant,**

**v.**

**J. E. CHAPMAN and Warren W. Bachus, Defendants-Appellees,**

**Employers Casualty Company, Intervenor-Appellant.**

No. 6968.

Supreme Court of New Mexico.

Nov. 27, 1961.

Webb & Beavers, Farmington, for appellant Victor Hockett.

Oscar L. Donisthorpe, Farmington, for appellant Employers Cas. Co.

Tansey, Wood, Rosebrough & Roberts, Farmington, for appellees.

COMPTON, Chief Justice.

This is a personal injury action. The appeal results from the dismissal of appellant's complaint on the ground that appellant, having received workmen's compensation benefits, may not recover for the negligence of a coemployee where the dam-

ages sought are based on injuries received in an accident arising out of and in the course of employment and where such injuries were caused by the negligence of a coemployee.

Appellant and appellees were fellow employees. Appellant was injured as the result of a collision between a truck driven by appellee Chapman, in which he was a passenger, and a truck driven by appellee Bachus. The accident arose out of and in the course of their employment. Appellant received workmen's compensation benefits and thereafter brought a negligence action against the appellees. The employer's insurance carrier intervened as a plaintiff and appellant.

The sole question presented by this appeal is whether, under the New Mexico Workmen's Compensation Act, §§ 59–10–1 to 59–10–37, N.M.S.A.1953, as amended in 1959, a coemployee is a "person other than the employer" against whom a negligence action may be maintained, or whether a coemployee comes within the immunity from such an action which is granted to the employer.

The Workmen's Compensation Act, supra, provides that an employee, or someone claiming through him or on his behalf, is not denied his common-law right to recover damages caused by the negligence of a third person because he has received workmen's compensation benefits for the same injury, and this court has so held in Reed v. Styron, N.M., 365 P.2d 912. The pertinent provisions of the Act read as follows:

Section 59–10–4(F):

" * * * Nothing in the Workmen's Compensation Act, however, shall affect, or be construed to affect, in any way, the existence of, or the mode of trial of, any claim or cause of action which the workman has against *any person other than his employer, or the insurer, guarantor or surety of his employer.*" (Emphasis ours.)

Section 59–10–25:

" * * * The right of any workman, or, in case of his death, of those entitled to receive payment or damages for injuries occasioned to him by the negligence or wrong of *any person other than the employer* as herein defined shall not be affected by this act * * *, but he or they, as the case may be, shall not be allowed to receive payment or recover damages therefor and also claim compensation from such employer hereunder, and in such case the receipt of compensation from such employer hereunder shall operate as an assignment to the employer, his or its insurer, guarantor or surety, as the case may be * * *." (Emphasis ours.)

**326**

■ It is clear, therefore, that our Workmen's Compensation Act was not intended to relieve one other than the employer, his insurer, guarantor or surety from liability imposed by statute or by common law, while providing against a double recovery by an employee.

■ Appellees urge upon this court that since they were employees of the same employer, and were admittedly within the scope of their employment, they were the agents or servants of the employer under § 59–10–5 of the Act, and that as such their liability is limited, the same as that of an employer under § 59–10–6 of the Act. We are unable to agree with appellees' analysis of the statute. The pertinent portions of these two sections state:

"Section 59–10–5.

" * * * Any employer who has elected to and has complied with the provisions of this act * * *, including the provisions relating to insurance, shall not be subject to any other liability whatsoever for the death of or personal injury to any employee, except as in this act provided; *and all causes of action, actions at law, suits in equity, and proceedings whatever, and all statutory and common-law rights and remedies for and on account of such death of, or personal injury to any such employee and accruing to any and all persons whomsoever, are here-*

*by abolished except as in this act provided."* (Emphasis ours.)

"Section 59–10–6.

"The right to the compensation provided for in this act * * * *in lieu of any other liability whatsoever, to any and all persons whomsoever, for any personal injury accidentally sustained* or death resulting therefrom, shall obtain in all cases where the following conditions occur: * * *." (Emphasis ours.)

Sections 59–10–5 and 59–10–6 deal with the exclusiveness of the remedy between an employer and employee, and the words "to any and all persons whomsoever" refer to any and all persons whomsoever are claiming against the employer through or on behalf of the employee. Thus, if the basis of liability against the employer is the injury to the employee, it is limited by these sections of the Act. Hill Lines, Inc. v. Pittsburg Plate Glass Company, 10 Cir., 222 F.2d 854; Beal by Boatwright v. Southern Union Gas Company, 62 N.M. 38, 304 P.2d 566. See also Royal Indemnity Co. v. Southern California Petroleum Corp., 67 N.M. 137, 353 P.2d 358. However, we see nothing in these two sections of the Act which could be said to mean that a fellow employee shall be the same as the employer for the purpose of limiting his liability thereunder.

The appellees have cited authorities supporting their position that an employee is immune from a negligence action by a co-employee, but in only four of the jurisdictions have the courts held that a coemployee is not "someone other than the employer," either on the theory of agency, making the conduct of an employee the conduct of the employer, or on the broad ground that the Workmen's Compensation Act intended to cover by its terms all liability arising out of and in the course of employment by a common employer insured under the Act. Bresnahan v. Barre, 286 Mass. 593, 190 N. E. 815; Majors v. Moneymaker, 196 Tenn. 698, 270 S.W.2d 328; White v. Ponozzo Bros., 77 Idaho 276, 291 P.2d 843; Ginnis v. Southerland, 50 Wash.2d 557, 313 P.2d 675.

In the other jurisdictions for which appellees cite authorities, the decisions have been based upon statutes, more restrictive in wording than ours, which contain provisions that he (the employer) "or those conducting his business" shall only be liable to the employee to the extent provided in their respective acts. Feitig v. Chalkley, 185 Va. 96, 38 S.E.2d 73; Warner v. Leder, 234 N.C. 727, 69 S.E.2d 6; Williams v. Hartshorn, 296 N.Y. 49, 69 N.E.2d 557.

In the states having workmen's compensation laws similar to those of New Mexico, in that they provide the Act shall not affect any cause of action an employee may have against "a person other than his employer," or against "a third party," or "a third party tortfeasor," with the exception of the four jurisdictions set forth above, it has consistently been held that a coemployee is a third person, or a person other than the employer, and that such an action may be maintained. The basic reasoning behind these holdings is that the workmen's compensation laws have predicated an employer's liability to his employee on the employer-employee relationship and not in tort; that consequently the right of an employee to receive benefits under workmen's compensation is not based on fault or negligence, but is contractual in nature; that a negligent employee is not liable for compensation and is, therefore, a stranger to the Act, being a person other than the employee entitled to receive compensation and the employer liable to pay it. Further, that coemployees are in no way subject to the provisions of the compensation act in their relationship with each other. Some of these courts have said that to hold otherwise would be to unjustly confer upon a workman freedom to neglect his duty towards a fellow employee and immunize him against all liability for damages proximately caused by his negligence. Baugh v. Rogers, 24 Cal.2d 200, 148 P.2d 633, 152 A. L.R. 1043; Severin v. Luchinske, 271 Wis. 378, 73 N.W.2d 477; Rehn v. Bingaman, 151 Neb. 196, 36 N.W.2d 856; Behr v. Soth, 170 Minn. 278, 212 N.W. 461; King

v. Cardin, 229 Ark. 929, 319 S.W.2d 214; Gay v. Greene, 91 Ga.App. 78, 84 S.E.2d 847; Vidrine v. Soileau, La.App., 38 So.2d 77; Stacy v. Greenberg, 9 N.J. 390, 88 A.2d 619; Atlantic Coast Line Railroad Co. v. Swafford, 5 Cir., 220 F.2d 901; Zimmer v. Casey, 296 Pa. 529, 146 A. 130; Ranson v. Haner, Alaska, 362 P.2d 282; Id., D.C., 174 F.Supp. 82, to cite some of the states so holding. See also Larson's Workmen's Compensation Law, Vol. 2, § 72.10, page 171.

In addition, there are several states which have no particular statute covering this point and they have held, under general principles of law, in the absence of express legislative immunity, that a suit against a coemployee may be maintained on the ground that as between fellow employees there is no mutual relationship of employer and employee, and a coemployee is a stranger to the Act insofar as his fellow workmen are concerned. Gee v. Horvath, 169 Ohio St. 14, 157 N.E.2d 354; Gardner v. Stout, 342 Mo. 1206, 119 S.W.2d 790; Tawney v. Kirkhart, 130 W.Va. 550, 44 S.E.2d 634.

Where it was the intention in other states, in enacting workmen's compensation laws, to include fellow employees within the limited liability of the employer, the acts have expressly restricted actions by an employee by providing that action may be maintained by an employee "provided such third person be not a fellow servant" or against "third persons who are not in the same employ," or they have provided that actions may not be so maintained against an employer "or any workman," or "his employees" or "persons in the same employ," or "those conducting his (the employer's) business." The judicial decisions in these jurisdictions have, therefore, by virtue of the express legislative intent, excluded suits against a coemployee. Hartford Accident & Indemnity Co. v. Clifton, 117 Colo. 547, 190 P.2d 909; Kowcun v. Bybee, 182 Or. 271, 186 P.2d 790; O'Brien v. Rautenbush, 10 Ill.2d 167, 139 N.E.2d 222; Grandstaff v. Mercer, Tex.Civ.App., 214 S.W.2d 133; Nolan v. Daley, 222 S.C. 407, 73 S.E.2d 449; Sergeant v. Kennedy, 352 Mich. 494, 90 N.W.2d 447, and others.

In looking to the intent of the legislature in enacting the New Mexico Workmen's Compensation Laws, it is important to point out that among the provisions of the Workmen's Compensation Act, Chapter 246, Laws 1957, which was declared unconstitutional by this court in State ex rel. Hovey Concrete Products Co. v. Mechem, 63 N.M. 250, 316 P.2d 1069, was § 11, which provided that the right to compensation by an employee was exclusive against "the employer and against any officer, agent or other employee" of the employer, with certain limitations as to wilful conduct. It would appear, therefore, that had the legislature intended to include "any officer, agent or oth-

er employee" of the employer within the immunity granted to the employer in our present Act it would have expressly so provided when it amended the Act in 1959. The fact that it did not do so, but on the contrary added the last sentence of § 59–10–4(F), quoted supra, lends weight to the view of this court that it was not the legislative intent to include a coemployee as one of those immune from suit.

An examination, therefore, of the texts and judicial decisions relating to this particular issue, many of which have been relied upon by appellant, reveal the weight of authority in this country, in the absence of express statutory provisions to the contrary, as holding that a coemployee is "a third person" or "someone other than the employer" against whom a negligence action may be maintained, and we consider this majority view to be based upon sound reasoning.

Ranson v. Haner, supra, involved a provision of the Alaska Workmen's Compensation Act (A.C.L.A.1949, § 43–3–30) which is similar to that of New Mexico, in that an employee may proceed against "someone other than the employer." The supreme court of that state in holding that under their statute a fellow employee is not immune to a suit by an injured employee stated that to hold otherwise would require the court to assume the prerogative of the legislature.

In the absence of express language in the New Mexico Workmen's Compensation Act denying an employee the right to maintain a negligence action against a coemployee, and in view of the sound reasoning upon which we consider the weight of authority to be based, we must conclude that a coemployee is "a person other than the employer" against whom such an action for damages may be maintained and that the court below erred in dismissing appellant's complaint.

The judgment is reversed with directions to the trial court to proceed in a manner not inconsistent with the views expressed herein.

It is so ordered.

MOISE and NOBLE, JJ., concur.

CARMODY and CHAVEZ, JJ., not participating.