**SINCLAIR OIL & GAS COMPANY for the Use and Benefit of Zurich Insurance Company, Appellant,**

v.

**Lee BROWN, Appellee.**

**No. 7510.**

United States Court of Appeals Tenth Circuit.

July 9, 1964.

William J. Williams, Ardmore, Okl., for appellant.

Henry D. Akin, Dallas, Tex., and A. Camp Bonds, Muskogee, Okl. (Bonds, Matthews & Mason, Muskogee, Okl., and Leachman, Gardere, Akin, Porter & Dehay, Dallas, Tex., on the brief), for appellee.

Before PHILLIPS and SETH, Circuit Judges, and ARRAJ, District Judge.

ORIE L. PHILLIPS, Circuit Judge.

Sinclair Oil & Gas Company (Sinclair) brought this action against Brown for the use and benefit of Zurich Insurance Company (Zurich), its liability insurance carrier, for indemnity for expenses incurred in defending an action brought against Sinclair by one Black, an em-

ployee of Brown, for damages for injuries allegedly suffered as the result of Sinclair's negligence. The case was submitted on an agreed statement of facts and the court entered judgment in favor of Brown, denying Sinclair's claim. Sinclair has appealed.

The agreed statement of facts and the exhibits attached thereto disclose the following facts:

On October 4, 1955, Sinclair and Brown entered into a drilling contract under which Brown agreed to drill an oil well for Sinclair on an oil and gas lease in Ector County, Texas. The contract was a printed form supplied by Sinclair and contained an indemnity provision, which in part here material read:

"Contractor [Brown] more specifically agrees:

\* \* \* \* \* \*

"(1) \* \* \* to hold Company [Sinclair] harmless from any and all liability for damages to the person \* \* \* of any and all persons resulting from the operations of Contractor hereunder, \* \* \*."

On November 8, 1956, Black brought an action for damages against Sinclair in the United States District Court for the Western District of Texas. In his complaint he alleged that while working as an employee of Brown on such oil and gas lease, he fell from a tank and was injured, and that Sinclair, acting through its agents, servants and employees, was guilty of various acts of negligence, which were the sole and proximate cause of his injuries.

Brown's workmen's compensation insurer intervened in such action, asserting a right of subrogation against Black for amounts paid to him by such insurer as workmen's compensation benefits and for attorney's fees.

On November 28, 1956, Sinclair notified Brown in writing of Black's suit, demanded that Brown indemnify it

against and save it harmless from all liability for damages for Black's injuries, and advised Brown he could undertake the defense of Black's suit, provided he recognized his liability to Sinclair to so indemnify and save it harmless.

Brown denied any liability to Sinclair for damages caused by Sinclair's own negligence and refused to defend the action. Thereafter, Sinclair filed a third-party complaint against Brown, alleging the indemnification agreement of October 4, 1955, and praying for judgment over against Brown for all sums for which Sinclair should be adjudged to be liable to Black. In his answer to such third-party complaint, Brown alleged in part that the indemnity agreement was not an agreement to indemnify Sinclair against its own negligence and prayed that Sinclair take nothing by its third-party complaint.

Black's action was tried to a jury, but the jury was dismissed after failing to reach a verdict. Whereupon Sinclair filed a motion for judgment in its favor and against Black, and Brown filed a motion to dismiss the third-party complaint or in the alternative for a summary judgment. The court entered judgment for Sinclair and against Black and the workmen's compensation carrier-intervener, and for Brown and against Sinclair on the third-party complaint.

In defending the action brought by Black in the United States District Court for the Western District of Texas, Zurich incurred expenses of $9,125.92 for legal services and $1,319.19 for investigation expenses. It is those amounts which Sinclair is attempting to recover in the instant action.

■■ Under Texas law, which governs here, it must clearly appear that the parties to an indemnity agreement intended that the indemnitor would be liable for damages resulting from the negligence of the indemnitee, before such effect will be given to their contract,[1]

1. Spence & Howe Construction Co. v. Gulf Oil Corp., Tex., 365 S.W.2d 631, 633; Ohio Oil Company v. Smith, Tex., 365 S.W.2d 621, 624; Mitchell's, Inc. v. Friedman, 157 Tex. 424, 303 S.W.2d 775, 778.

and that intention must be found in the language of the contract.[2]

We are of the opinion that the language of the indemnity agreement in the instant case does not clearly manifest an intent on the part of the parties thereto that Brown should be liable for damages suffered by Sinclair as the result of and proximately caused by its own negligence.

Sinclair relies on Ohio Oil Company v. Smith, Tex., 365 S.W.2d 621, and Spence & Howe Construction Co. v. Gulf Oil Corp., Tex., 365 S.W.2d 631, to sustain its position, but the language used in the indemnity agreements in those cases was so much broader than that found in the indemnity agreement in the instant case, that they have no application here.

The judgment is affirmed.

2. Spence & Howe Construction Co. v. Gulf Oil Corp., Tex., 365 S.W.2d 631, 637.