**PITTSBURGH–DES MOINES STEEL COMPANY, a corporation, Appellant,**

v.

**AMERICAN SURETY COMPANY OF NEW YORK, a corporation, and Davis Construction Company, Inc., Appellees.**

**No. 8274.**

United States Court of Appeals
Tenth Circuit.

Aug. 22, 1966.

Rehearing Denied Oct. 13, 1966.

Byron Hirst, Cheyenne, Wyo. (James L. Applegate and Richard V. Thomas, of Hirst, Applegate & Thomas, Cheyenne, Wyo., with him on the brief), for appellant.

W. J. Wehrli, of Wehrli & Williams, Casper, Wyo., for appellees.

Before MURRAH, Chief Judge, SETH, Circuit Judge, and LANGLEY, District Judge.

SETH, Circuit Judge.

The appellee, American Surety Company, as a subrogee brought this action in indemnity against the appellant. Appellee was the insurer of Davis Construction Company, Inc., a prime contractor on a dam constructed in Wyoming. The defendant-appellant entered into a subcontract agreement with Davis whereby it was to erect structural steel on the face of the dam. During the course of this work an employee of appellant was injured in a fall from a scaffold. This injured employee recovered a judgment against Davis in the state court of Wyoming, and the case was settled before an appeal was perfected. Appellant had paid compensation for the injury through its insurance carrier, and was not a party to the state negligence action.

In the case at bar appellee, American Surety Company, recovered a judgment by way of indemnity against appellant in an amount equal to the settlement paid and the cost and expenses of defending the injured employee's suit against Davis (238 F.Supp. 850). The appellant impleaded Davis in the court below asserting a right to recover judgment over against Davis in the event that the appellee surety company was successful, but the trial court did not grant such relief.

As stated above, the action in the trial court was based on an express indemnity provision contained in the subcontract between Davis as prime contractor, and the appellant as the subcontractor for the dam construction. This indemnity provision stated:

"The Subcontractor shall indemnify the Contractor and the Owner against,

and save them harmless from, any and all loss, damage, expenses, costs, and attorneys' fees incurred or suffered on account of any breach of the aforesaid obligations and covenants, and any other provisions or covenants of the contract."

The subcontract also contained the following provision:

"Should the proper workmanlike and accurate performance of any work under this contract depend wholly or partially upon the proper workmanlike or accurate performance of any work or materials furnished by the Contractor or other subcontractors on the project, the Subcontractor agrees to use all means necessary to discover any such defects and report same in writing to the Contractor before proceeding with his work which is so dependent; and shall allow to the Contractor a reasonable time in which to remedy such defects; and in the event he does not so report to the Contractor in writing, then it shall be assumed that the Subcontractor has fully accepted the work of others as being satisfactory and he shall be fully responsible thereafter for the satisfactory performance of the work covered by this agreement, regardless of the defective work of others."

The subcontract also provided that appellant would build the scaffolding for its work, but it did not do so. Instead its employees used scaffolding built by Davis with the permission of Davis.

The trial court held that the contractual relationship and contractual provisions determined the rights of the parties in this action and the consequences of a breach of contract. Safway Rental & Sales Co. v. Albina Engine & Machine Works, 343 F.2d 129 (10th Cir.).

The trial court found that the appellant had committed a breach of contract by reason of its failure to inspect and to report the condition of the scaffolding used by its employee at the time of his injury, as provided by the portion of the contract quoted above. The court found that the indemnity claim arose from this breach of the contract by appellant, and allowed recovery.

The record thus shows that Davis had built the scaffolding in question, and its employees had used it in the performance of the Davis prime contract. Prior to the time that appellant's employee was injured on the scaffolding, the particular portion of it which failed had not been used by any of appellant's employees. At the time of the injury two of appellant's employees had climbed to this particular section of the scaffolding carrying tools to perform their work. They did not inspect the scaffolding in any way before they went on it, nor had other employees of appellant. While the two of them were so working, one of the planks forming the walkway on the scaffolding came apart where it had been spliced and thereby caused the injury. There is no question but that appellant had permission of Davis to use the scaffolding although the subcontract provided that appellant would build it.

As mentioned above, in the state court negligence suit the injured employee recovered damages against Davis Construction Company, Inc. and it was there found that Davis was negligent. Appellant was not a party to the suit by reason of the Wyoming Workmen's Compensation Act. It was notified of the action, but refused to defend or participate.

The appellant here contends that it did not agree by the language contained in the subcontract to indemnify Davis for the consequences of Davis' negligence. Appellant further urges that since the contract did not provide such indemnity, there is no other legal theory upon which the appellee had a right to recover. Appellant asserts that the negligence of Davis was established in the employee's negligence suit and that such determination is res judicata here. Appellant argues that there was no breach of the subcontract by it in that it fully performed its work under the agreement, and since Davis built the scaffolding it thereby waived its contract rights to it. Appellant asserts also that it did not

commit any breach of contract by failing to inspect the scaffold.

By way of additional grounds appellant asserts that the Wyoming Constitution and Workmen's Compensation Act bar this action, and in any event if it is liable to the appellee, American Surety Company, then it should be entitled to recover over against Davis.

The indemnity provision in the contract was to protect Davis against the consequences of a breach of contract by appellant. There is nothing unusual about such a provision, nor the contract provision requiring appellant to secure insurance covering its negligence. The indemnity clause covered any breach by appellant and thus was without conditions or limitations as to the nature of the breach. The only requirement expressed was that the loss or damage to Davis be " * * * incurred or suffered on account of any breach * * *."

■ The trial court found that there was a breach of contract by the appellant, and that the indemnity clause was effective in that the loss to Davis was suffered "on account" thereof. Both these findings are supported by the record. The trial court characterized appellant's breach (that is, its failure to inspect and report) as a " * * * negligent omission and negligent breach of the contract * * *." It was however sufficient that there was a "breach."

■ The causal connection between the breach and the loss to Davis is to be determined by construction of the contract of indemnity and not necessarily by tort law concepts of proximate cause. The parties bound themselves by the contract and this governs their relationship, and the rights and duties between them. It is not determined by their respective positions relative to the injured employee.

■ The record shows that appellant by contract was obligated to inspect the scaffold, that it did not do so, and if it had the condition would have been discovered. The trial court found in effect that performance of the contract by appellant would have prevented the loss to Davis, and thus in the context of the contract the loss was incurred "on account of" a breach by appellant. The trial court considered that this was sufficient to entitle appellee to recover, and we agree.

The enforcement of the contract permits Davis or its insurance carrier to recoup the amount paid to the injured employee of appellant by reason of a judgment rendered against Davis in an action wherein it was found that Davis was negligent as to the employee. The effect of such recovery we do not decide here, but see Security Ins. Co. of New Haven v. Johnson, 276 F.2d 182 (10th Cir.), and 24 A.L.R.2d 329. The presence or absence of negligence of appellant as to the employee has not been determined directly because it was not a party to the negligence suit. Appellee's right of recovery on the contract as allowed by the trial court was however not impaired by these circumstances.

Negligence of the indemnitee, and whether the indemnity agreement was intended to cover the consequences of such negligence, has been considered in a great variety of cases relating to construction contracts. 175 A.L.R. 144–149. An examination of the wording of an indemnity agreement in order to decide whether it includes the indemnitee's negligence, or combined negligence of the indemnitor and indemnitee, has been made many times by this court, and the law of various jurisdictions applied. Sinclair Oil & Gas Co. v. Brown, 333 F.2d 967 (10th Cir.); George Bohannon Transp., Inc. v. Davis, 323 F.2d 755 (10th Cir.); Security Ins. Co. of New Haven v. Johnson, 276 F.2d 182 (10th Cir.); Tyler v. Dowell, Inc., 274 F.2d 890 (10th Cir.); Mohawk Drilling Co. v. McCullough Tool Co., 271 F.2d 627 (10th Cir.); United States v. Acord, 209 F.2d 709 (10th Cir.); Standard Ins. Co. of New York v. Ashland Oil & Refining Co., 186 F.2d 44 (10th Cir.); Sinclair Prairie Oil Co. v. Thornley, 127 F.2d 128 (10th Cir.).

In the case at bar the trial court did not consider the issue to be whether the wording of the indemnity clause included indemnitee's negligence, but instead whether Davis was indemnified for loss sustained because of a breach of contract by its subcontractor, the appellant here. The appellant argues that there is no legal theory to support a recovery if the action is not on an explicit provision as to negligence in the indemnity agreement and, in any event, Davis was an active wrongdoer and appellant a passive one, if it is assumed it was negligent.

What is before us is an indemnitee who was found to be negligent in the state proceedings set against the indemnitor whose negligence as to the employee is not determined, but who was found by the trial court to have committed a breach of its contract with the indemnitee—a breach under circumstances where performance would have prevented the loss. The parties have not been judicially determined to be joint tort-feasors, and there is no issue as to "active" or "passive" negligence. We hold that the trial court was correct in enforcing the contractual obligations and providing the agreed contractual remedy of indemnity. Safway Rental & Sales Co. v. Albina Engine & Machine Works, 343 F.2d 129 (10th Cir.). The relation of the tort culpability of Davis to the contractual culpability of appellant to Davis demonstrates the collision between tort and contract doctrines which are present in all cases of this nature. However, the agreement by appellant to indemnify for its own breach of contract coupled with the "on account of" loss resulting from such a breach serves to provide a good separation of the two doctrines, and also to show that the results of the two suits with different parties and causes of action are not necessarily inconsistent.

██ The result reached, of course, permits one found negligent to recoup from one found to have failed to perform contractual obligations. No decisions on the law of Wyoming prohibit this result. It is not against public policy since the parties could have expressly agreed in an indemnity contract to include the indemnitee's own negligence. See Chicago & North Western Ry. v. Rissler, D.C., 184 F.Supp. 98 (Wyo.), and cases hereinabove cited.

██ The Wyoming Workmen's Compensation Act does not serve to insulate appellant from the indemnity action. The exclusive nature of the remedy is between employee and employer and does not extend to the suit before us. Appellant cites New Mexico cases and cases from other jurisdictions where the statute is not comparable. The Wyoming Supreme Court does not appear to have considered the question, but the judge of the United States District Court for Wyoming, experienced in Wyoming law, found the statute not to be a bar and under these circumstances we will follow the decision of the local judge. There is also no basis for a recovery over by appellant against Davis.

Affirmed.