497 P.2d 231

Juan VALDEZ, Petitioner,

v.

STATE of New Mexico, Respondent.

No. 9432.

Supreme Court of New Mexico.

May 19, 1972.

Joan M. Friedland, Santa Fe, for petitioner.

David L. Norvell, Atty. Gen., Jay F. Rosenthal, Asst. Atty. Gen., Santa Fe, for respondent.

## OPINION

STEPHENSON, Justice.

Mr. Valdez (defendant) appealed from a judgment and sentence following conviction of assault with intent to commit a violent felony, § 40A–3–3, N.M.S.A., 1953, and false imprisonment, § 40A–4–3, N.M.S.A., 1953.

The Court of Appeals affirmed and we granted certiorari. While affirming the result reached by the Court of Appeals, we differ with its reasoning in respect to the motion for a change of venue. Although the record is by no means clear, it seems that the State did not file its motion for change of venue within the time prescribed by § 21–5–3(B), N.M.S.A., 1953.

We have held that defendants seeking a change of venue must make a timely filing. State v. Aull, 78 N.M. 607, 435 P.2d 437 (1967), cert. den., 391 U.S. 927, 88 S.Ct. 1829, 20 L.Ed.2d 668 (1968). See also State v. Tapia, 81 N.M. 365, 467 P.2d 31 (Ct.App.1970) and State v. Lindsey, 81 N.M. 173, 464 P.2d 903 (Ct.App.1969), cert. den., 398 U.S. 904, 90 S.Ct. 1692, 26 L.Ed.2d 62 (1970).

Defendant's counsel makes the point that a defendant ought not be held to a higher standard of compliance with these statutes than the State. We agree. What we have said in other cases concerning timely filing being mandatory by defendants applies with equal force to motions for change of venue filed by the State. Of course, delayed filing by both the defendant and the State may be allowed under the provisions of § 21–5–7, N.M.S.A., 1953.

The position adopted by the Court of Appeals is scarcely strengthened by Hanson v. State, 79 N.M. 11, 439 P.2d 228 (1968), which it cites. That case states in pertinent part:

"* * * [A] strong, although rebuttable, presumption exists after the verdict in support of constitutional regularity and that official duties in court

proceedings have been regularly performed; and a person seeking relief has the burden of overcoming this presumption. * * *"

No such presumption can obtain here. The State's motion was not timely filed.

However, we agree with the reasoning of the Court of Appeals that a trial court, in a proper case and in the exercise of its discretion, has the power to order a change of venue sua sponte. This power existed at common law, Crocker v. Justices of Superior Court, 208 Mass. 162, 94 N.E. 369 (1911) and the common law is the rule of practice and decision in New Mexico. Section 21–3–3, N.M.S.A., 1953. Although § 21–5–3, supra, and related statutes completely cover the ground as to how, when and by what procedures a party may seek a change of venue, we find nothing in these statutes which precludes sua sponte action by the trial court. The common law is only abrogated or repealed by a statute which is directly and irreconcilably opposed to the common law. Southern Union Gas Company v. City of Artesia, 81 N.M. 654, 472 P.2d 368 (1970).

With the record in the condition described by the Court of Appeals, we must presume that the motion was actually granted sua sponte by the trial court. Here, the quoted portion of Hanson v. State, supra has application.

We would add some cautionary comment. Trial courts should order changes of venue sua sponte only in exceptional cases. This was such a case, as is amply demonstrated by the trial court's findings of fact which are quoted by the Court of Appeals in its opinion and which were not attacked.

The judgment and sentence is affirmed.

It is so ordered.

COMPTON, C. J., and McMANUS and OMAN, JJ., concur.