Walter H. MARKLE, Appellant
(One of Defendants below),

v.

Esther C. WILLIAMSON, Individually and as Administratrix of the Estate of W. R. Williamson, Deceased, Appellee (Plaintiff below).

No. 4260.

Supreme Court of Wyoming.

Feb. 1, 1974.

Edward E. Murane of Murane, Bostwick, McDaniel, Scott & Greenlee, Casper, for appellant.

R. R. Rose, Jr. and G. L. Spence, Casper, for appellee.

Before PARKER, C. J., and McEWAN, GUTHRIE, McINTYRE and McCLINTOCK, JJ.

Justice McINTYRE delivered the opinion of the court.

This is an appeal by Walter H. Markle, one of the defendants below, from the award of a wrongful death judgment against him in the sum of $100,000.00.

For the purposes of this appeal the parties entered into an agreed statement of the factual and procedural matters necessary or appropriate to the appeal in lieu of a transcript of the proceedings. It shows that plaintiff's deceased died as a result of a fire and explosion at the Texaco, Inc. Refinery near Casper, Wyoming. At the time, the deceased was an employee of Texaco and was acting within the scope of his employment. Markle was also an employee of Texaco and acting within the scope of his employment. Texaco was in full compliance with the Wyoming Workmen's Compensation Act and both Williamson and Markle were listed as employees. Plaintiff, Esther C. Williamson, filed her action against Texaco, Ceco Corporation, and Walter H. Markle. Texaco's motion for summary judgment was granted on the basis that the workmen's compensation laws of the State of Wyoming precluded direct action against an employer covered by the Workmen's Compensation Act, brought on behalf of an employee killed while within the course of his employment with such covered employer. Defendant

William H. Markle's motion for summary judgment, asserting, inter alia, that the workmen's compensation laws of the State of Wyoming precluded direct action against a co-employee on behalf of a covered employee killed while both employees are in the course of their employment, was overruled.

The case went to trial only against Ceco Corporation and Walter H. Markle; and as to Markle, the question ultimately submitted to the jury was the issue of ordinary negligence on the part of Walter H. Markle which contributed to and was the proximate cause of the alleged death of the decedent. The jury found in favor of the defendant Ceco and against the defendant Markle, assessing damages in the sum of $100,000.00. The trial court denied defendant Markle's motion for judgment notwithstanding the verdict, which was based in part on the court's failure to grant defendant's directed verdict motion made during trial.

In their agreed statement the parties stipulated that:

"The only question raised on this Appeal is whether, under the laws of the State of Wyoming, the administrator of the estate of a deceased employee can maintain a direct action against another employee for wrongful death caused by the latter's alleged independent negligence, where both employees are covered under the Workmen's Compensation Account maintained by their common employer."

Prior to the 1914 amendment to Art. 10, § 4, Wyoming Constitution, it was constitutional law in Wyoming that "No law shall be enacted" limiting the amount of damages to be recovered for causing the injury or death of any person. The amendment changed this constitutional prohibition only to the extent that workmen's compensation was made the exclusive remedy against "any employer" contributing to the compensation fund. The language is clear and speaks for itself.

"No law shall be enacted limiting the amount of damages to be recovered for causing the injury or death of any person. Any contract or agreement with any employee waiving any right to recover damages for causing the death or injury of any employee shall be void. As to all extra-hazardous employments the legislature shall provide by law for the accumulation and maintenance of a fund or funds out of which shall be paid compensation as may be fixed by law according to proper classifications to each person injured in such employment or to the dependent families of such as die as the result of such injuries, except in case of injuries due solely to the culpable negligence of the injured employee. Such fund or funds shall be accumulated, paid into the state treasury and maintained in such manner as may be provided by law. The right of each employee to compensation from such fund shall be in lieu of and shall take the place of any and all rights of action against any employer contributing as required by law to such fund in favor of any person or persons by reason of any such injuries or death."

Although the legislature cannot diminish the constitutional restriction even if it wished to do so, it has in fact implemented and followed the constitutional guarantee by statutory enactment. Section 27–50, W.S.1957, closely follows the constitutional language and specifically provides:

"* * * the right of each employee to compensation from such funds shall be in lieu of and shall take the place of any and all rights of action against any employer contributing, as required by law to such fund in favor of any such person or persons by reason of any such injury or death. * * *"

Section 27–78, W.S.1957, also closely follows the constitutional language and provides:

"Each employee, who shall be injured in any of the extra-hazardous employments as herein defined, or the dependent family of any such injured workman, who may die as the result of such injuries,

except in cases of injuries due solely to the culpable negligence of such injured employee, shall receive out of the industrial accident fund, compensation in accordance with sections * * * of this act, and such right and payment shall be in lieu of and take the place of any and all rights of action against any employer contributing, as required by this act, to the industrial accident fund in favor of any person or persons by reason of such injuries or death."

Section 27–54, W.S.1957, 1973 Cum. Supp., provides in unambiguous language that where an employee receives an injury under circumstances creating a legal liability in some person "other than the employer" he may also pursue his remedy at law against such third person:

"Where an employee coming under the provisions of this act receives an injury under circumstances creating a legal liability in some person other than the employer to pay damages in respect thereof, the employee if engaged in extra-hazardous work for his employer at the time of the injury, shall not be deprived of any compensation which he would otherwise receive under this act. He may also pursue his remedy at law against such third person, except he shall not be entitled to a double recovery for the injury or injuries for which he has been paid compensation under this act or under orders of the district court. * * *

* * * * * *

"In case the injury causes the death of the employee, the rights and remedies set forth in this section shall inure to and obligations shall be binding upon the personal representative of such deceased employee for the benefit of his or her dependents."

### The Statutes

The annotation in 21 A.L.R.3d, § 3(a), pp. 850–852, indicates there are some twenty-odd states which permit actions against fellow employees, as persons "other than the employer," while some half dozen jurisdictions have held otherwise. We like the majority point of view. Absent a valid statute in Wyoming which prohibits suit against a fellow employee, we must be careful not to be influenced by authorities from states with statutes and constitutional provisions which are broader than those in Wyoming.

■ There is a pervading rule that valuable common law rights shall not be deemed destroyed by a statute except by clear language. See Bosel v. State, Alaska, 398 P.2d 651, 654; Saala v. McFarland, 63 Cal.2d 124, 45 Cal.Rptr. 144, 403 P.2d 400, 404; Industrial Indemnity Co. v. Columbia Basin Steel & Iron Inc., 93 Idaho 719, 471 P.2d 574, 578; Valdez v. State, 83 N.M. 720, 497 P.2d 231, 233, aff'd 497 P.2d 743; Smith v. United Properties, Inc., 2 Ohio St.2d 310, 209 N.E.2d 142, 144; and Southern Railway Company v. Maples, 201 Tenn. 85, 296 S.W.2d 870, 873.

■ We find nothing in either the 1914 constitutional amendment or in §§ 27–54, 27–50 and 27–78 which expressly says that a co-employee shall be immune from suit. Having said the employer shall be immune, the legislature surely would have used similar language to say co-employees were immune—if it had so intended.

The general rule seems to be that where there is no expressed legislative mandate to the contrary, a co-employee or fellow servant is a third party tortfeasor within the meaning of a workmen's compensation act like ours. Annotation 21 A.L.R.3d, § 3, p. 850; 2 Larson's Workmen's Compensation Law, §§ 72 and 72.10, p. 174; 58 Am.Jur., Workmen's Compensation, § 61, p. 617; 101 C.J.S. Workmen's Compensation § 985(e), p. 481.

The opinion in Hockett v. Chapman, 69 N.M. 324, 366 P.2d 850, contains an excellent summary of reasons for holding that the term "person other than the employer" includes a co-employee; and an employer's immunity does not extend to a negligent co-employee in a suit by the injured employee or by his representative if deceased. Without undertaking to summarize all of the reasons set forth in the *Hockett* opin-

ion, we do nevertheless recommend the opinion to our readers.

Speaking in a general way, this court said in *Hotelling v. Fargo-Western Oil Co.*, 33 Wyo. 240, 238 P. 542, 544, that under Wyoming's Workmen's Compensation Act, there is a prima facie right to compensation when disability or death is the result of an injury sustained in extra hazardous employment, as defined by the statute, and the right to compensation should not be denied unless the injury or death is due solely to the negligence of the workman whose injury or death is the basis of the claim.

If courts require clear and precise language before they will allow compensation rights to be taken away, they should require clear and precise language before they permit common-law rights (such as the right to sue a co-worker) to be taken away. As stated in 2 Larson's Workmen's Compensation Law, § 72.10, p. 171, under most statutes, immunity to common-law suits is extended only to the employer. An injured employee can therefore sue a co-employee for negligence. The writer points out that this result is supported by reference to the plain language of the statute; by argument that existing rights of action should not be deemed destroyed in the absence of clear language; and by the moral principle that a tortfeasor should not be relieved of the consequences of his own wrongdoing.

In order to justify a baseless result and disallow suits against fellow employees, some courts have adopted a bald-faced fiction, stating flatly that a co-employee becomes merged in the employer and is not a "third person." There is no basis for such a contention in Wyoming. Also, we do not accept appellant's position that suit by an employee against a co-employee, in tort, is barred for the reason that the co-employee has the same immunity from suit as does his employer.[1] The question is, was Markle a "person other than the employer"? We say he was.

*Madison v. Pierce*, 156 Mont. 209, 478 P.2d 860, is relied on by appellant. The Montana court in that case, however, based its decision on a fault concept which says there should be "enterprise liability" and "enterprise immunity." It reasons that the negligent co-employee, being a member of the enterprise, enjoys the safeguards and immunity enjoyed by the enterprise as a whole. The court recognized and expressly stated its holding represented a minority opinion on the subject.

The logic and reasoning of the *Madison* case cannot apply in Wyoming because the Wyoming Supreme Court has more than once held that the Wyoming Compensation Act is in the nature of accident insurance and is not intended to give compensation as damages.[2] Also, in Wyoming, under § 27-54, the common-law rights of action against third persons (including employees) is reserved specifically to injured workmen and to the heirs of a deceased employee.

To say that workmen's compensation in Wyoming is in the nature of insurance is to say it stems from contract. Indeed, the clear implication in *Zancanelli v. Central Coal & Coke Co.*, 25 Wyo. 511, 173 P. 981, 989, is that our Workmen's Compensation Act is in contract and not in tort. However, a fellow employee is one who has contributed nothing to the compensation fund. He has no contract and no immunity. The employer has contributed and he

---

1. This theory was followed by the Supreme Court of Idaho in White v. Ponozzo, 77 Idaho 276, 291 P.2d 843. However, the Idaho decision is subject to criticism because it relied on cases from New York, Virginia, North Carolina, Washington, Oregon and Ohio, all of which had statutes expressly extending immunity at least as far as to co-employees. Also, the Supreme Court of Florida, in Carter v. Sims Crane Service, Inc., Fla., 198 So.2d 25, relied on Oregon, Virginia and Massachusetts cases, with no regard for the decisive difference in statutory background.

2. Zancanelli v. Central Coal & Coke Co., 25 Wyo. 511, 173 P. 981, 989; Hotelling v. Fargo-Western Oil Co., 33 Wyo. 240, 238 P. 542; In re Byrne, 53 Wyo. 519, 86 P.2d 1095, 1101; Fuhs v. Swenson, 58 Wyo. 293, 131 P.2d 333, 337.

has immunity. To argue that the employer's immunity attaches to a co-employee who, through his negligence, has injured or killed a fellow workman ignores all rules of common sense and sound logic.

Although the court, in Pittsburgh-Des Moines Steel Co. v. American Surety Company of New York, 10 Cir. (Wyo.), 365 F.2d 412, 416, was not dealing with a fellow employee case, it did pass on the exclusive nature of the remedy under Wyoming's Workmen's Compensation Act, saying that such remedy extended only between the contributing employer and the injured or deceased employee. If exclusive remedy coverage has been extended *only between* the contributing employer and the injured or deceased employee, it is difficult to argue that the workmen's compensation law affords an exclusive remedy for a workman injured by the negligent act of a fellow employee.

### The Constitution

When Wyoming reached the time that it needed a workmen's compensation law, there was an obstacle. Art. 10, § 4, of the Wyoming Constitution provided:

"No law shall be enacted limiting the amount of damages to be recovered for causing the injury or death of any person."

Hence, if the contemplated law was to provide for limited compensation benefits and make those benefits sole and exclusive remedies, an amendment to Art. 10, § 4, was necessary. Therefore, the legislature proposed and the voters ratified the 1914 amendment. Nothing in § 4 was changed, however, except that the legislature was directed to provide for a compensation fund out of which compensation benefits were to be paid. It was provided that the right of each employee to compensation would be in lieu of and take the place of any and all rights of action against any "employer contributing" to the fund.

As to a contributing employer, compensation from the fund was made the sole and exclusive remedy for a covered workman. It is entirely clear, however, that nothing was changed with respect to a fellow employee. The amendment being in 1914 when industrial suits were quite infrequent, it would appear the situation with respect to co-workers was not dealt with. The result is that common-law rights (such as the right of a worker to sue a fellow employee) remained unchanged; and that right continues to this time.

In Kilpatrick v Superior Court, 105 Ariz. 413, 466 P.2d 18, 27, the Arizona Supreme Court had this to say about the role of courts and judicial tinkering:

"Courts are not at liberty to impose their views of the way things ought to be simply because that's what must have been intended, otherwise no statute, contract or recorded word, no matter how explicit, could be saved from judicial tinkering. Moreover, if the sense of a word is not to be taken in its usual and commonly understood meaning except under circumstances where a different meaning is clearly intended, it becomes impossible for men to mean what is said or say what they mean and purposeful communication is unattainable."

We would be guilty of judicial tinkering if we tried to give to § 27–54, W.S.1957, 1973 Cum.Supp., and §§ 27–50 and 27–78, W.S.1957, or to Art. 10, § 4, as amended, an interpretation differing from the plain and unequivocal language used in these provisions.

When plain and ordinary meaning is given to the statutes and to Art. 10, § 4, it becomes clear that no change has been made in the common-law right of a workman to sue a co-employee and the judgment of the district court ought to be affirmed.

Affirmed.

GUTHRIE, Justice, with whom McCLINTOCK, Justice, joins, concurring in part and dissenting in part.

I concur in the majority opinion and the result thereof only, however, insofar as it

is based upon a construction of § 27–54, W.S.1957, 1973 Cum.Supp., which would exclude a fellow employee from exemption from action for his tortious conduct. In my opinion such fellow employee is firmly embraced in the phrase, "person other than the employer." There is sufficient authority for such holding as set out in the A.L.R.3d citation which appears in the majority opinion, and particularly in the case of Ransom v. Haner, Alaska, 362 P.2d 282, 287, which view is based upon a most exhaustive footnote.

This view is further buttressed by an examination of §§ 27–50 and 27–78, W.S. 1957, also cited in the majority opinion, both of which sections speak of the exemption from suit as being applicable to "any employer contributing," and the use of the words "person other than the employer" demonstrates a legislative distinction.

The writer does not interpret the case of In re Byrne, 53 Wyo. 519, 86 P.2d 1095, as having resolved this matter.

The sole issue framed in the briefs and arguments of the parties is evidenced by the following statements from those briefs wherein appellant said:

"The real question before the court is whether a co-employee is a third person within the meaning of § 27–54,"

and the appellee concurring in this view states the following in his brief:

"We, the appellee, say he was a 'person other than the employee' under our statute."

It is hard to conceive a more clearly framed and submitted matter. The writer dissents most vigorously from any and all expressions in the majority opinion which hold or seem to hold that any other interpretation of the disputed section would be in violation of Art. 10, § 4 of the Wyoming Constitution. I do not believe this excursion into the field of constitutional law proper when it is clearly without the issues presented. It is further clearly violative of an oft-repeated rule of this court, which the writer has always believed was accepted and universally followed, i. e., a constitutional question should not be passed upon unless it is presented by a question specifically phrased and completely argued, Doe v. Burk, Wyo., 513 P.2d 643, 645, and cases cited. Particularly do I feel there was a compelling reason to have omitted such discussion in this case because it conceivably will probably affect a large number of employers and employees within this state.

PARKER, Chief Justice (dissenting).

It is always an unfortunate circumstance that a concept which has been followed by the public for many years as the result of legislative action, subsequently interpreted by the court, should be overturned because the same court which made the original interpretation changes its viewpoint. Such a reversal of position destroys rather than supplies the dependability upon which our citizens have a right to rely. In a situation of that nature if a change in the law is desired, the people, acting through their duly elected representatives, should make it, providing thereby both an opportunity for the majority of electors to make their wishes known and an orderly transition, allowing time for essential adjustments.

The rule which requires that the judicial department should adhere to any position it adopts (and that any new concept be initiated by the legislative body) is known as stare decisis, and many are the pronouncements on the subject. One of the earlier ones was made in 1897 when Judge Potter in Guthrie v. Board of Com'rs of Converse County, 7 Wyo. 95, 50 P. 229, 230, said:

"* * * a previous well-considered decision of the supreme court * * * should not be lightly disturbed or departed from * * * [;] unless it is quite clear that manifest error has crept into such a decision, it should be allowed to stand. Any other policy would operate to continually unsettle such matters, and judicial decisions concerning them would not be credited with much stability, or be

entitled to that respect which they ought to command. * * * " 1

The real question before this court is whether or not an employee covered by the Workmen's Compensation Law may maintain a direct action for ordinary negligence against a co-employee.[2] The answer requires interpretation of sections of the statutes:

" * * * The right of each employee to compensation from such funds shall be in lieu of and shall take the place of any and all rights of action against any employer contributing, as required by law to such fund in favor of any such person or persons by reason of any such injury or death. * * * " § 27–50, W. S.1957.

"The rights and remedies provided in this act for an employee on account of any injury shall be exclusive of all other rights and remedies, at common law or otherwise, of such employee, his personal or legal representatives or dependent family on account of such injury; and the terms, conditions and provisions of this act for the payment of compensation and the amount thereof for injuries sustained or death resulting from such injuries shall be exclusive, compulsory and obligatory upon both employers and employees coming within the provisions hereof." § 27–51, W.S.1957.

"Where an employee coming under the provisions of this act receives an injury under circumstances creating a legal liability in some person other than the employer to pay damages in respect thereof, the employee if engaged in extra-hazardous work for his employer at the time of the injury, shall not be deprived of any compensation which he would otherwise receive under this act. He may also pursue his remedy at law against such third person * * * ." § 27–54, W.S. 1957, 1973 Cum.Supp.

In last analysis the decision in this case turns upon an interpretation of the words "in some person other than the employer" in § 27–54. This point was settled in the carefully considered 1939 case of In re Byrne, 53 Wyo. 519, 86 P.2d 1095, which held that a fellow employee was included in the word "employer" in the statute which has since become § 27–54.[3] Those who contend to the contrary must explain why in the thirty-five years since the Byrne case was decided both the Workmen's Compensation Department and the general public have proceeded as if such rule were operative with no questions having been raised on the subject until 1973 when the issue was resolved consonant with the Byrne decision by a divided court. Blackwell v. Pickett, Wyo., 490 P.2d 347.

As Judge Gray well said in School Districts Nos. 2, 3, 6, 9, and 10, in County of Campbell v. Cook, Wyo., 424 P.2d 751, 758, in referring to an interpretation given by an administrative agency:

" * * * a contemporaneous construction over a period of years, unless clearly erroneous, must * * * be given weight. * * * "

To a similar effect is Kearney Lake, Land & Reservoir Company v. Lake DeSmet Reservoir Company, Wyo., 487 P.2d 324, 326–327.

It serves no purpose to discuss at length the various statutes of other jurisdictions concerning workmen's compensation and seek to draw some general rule from them since they are so diverse in wording and even in objectives. Likewise it profits lit-

1. Quoted in Blackburn v. Board of County Commissioners of Park County, 67 Wyo. 494, 226 P.2d 784, 788.

2. The parties agreed that the issue submitted to the jury was *ordinary* negligence.

3. The court there said that under the fellow-servant rule applicable at common law a ser-vant injuring a fellow workman would have been liable (not the employer) and that the Wyoming Workmen's Compensation Law so far as the listed extra-hazardous employments were concerned had displaced the fellow-servant doctrine.

tle to point out the states which under statutes and constitutions more or less similar to Wyoming hold that a fellow employee is included in the word employer as we did in the Byrne case or where the contrary is true, i. e., to count noses. Neither these aspects, the equities of the situation, nor the probable economic and social effects should have a place in deciding this case. But if so, it goes without saying that the result of the majority opinion by overturning the long-standing concept of the Byrne opinion will drastically affect both employers and employees, requiring an entire rearrangement of matters vitally important to each. Accomplishing such a radical change is the proper function of the people acting through their legislative representatives. The "judicial tinkering" which the majority disclaims, but nevertheless effects, will produce chaos which I can only hope will be alleviated by positive action of those rightfully entitled to make the determination.

The judgment of the trial court should be reversed.