ALFRED RAMSEY, Plaintiff, v. DAVID J. MORRISON, Defendant and Third-Party Plaintiff-Appellant (Ricky Baker *et al.*, d/b/a Baker's Auto Repair, Third-Party Defendants-Appellees).

Fifth District   No. 5—94—0566

Opinion filed November 21, 1995.

Harry C. Armstrong and Charles C. Compton, both of Reed, Armstrong, Gorman, Coffey, Thomson, Gilbert & Mudge, P.C., of Edwardsville, for appellant.

Thomas R. Peters and Curtis R. Picou, both of Gundlach, Lee, Eggmann, Boyle & Roessler, of Belleville, for appellee Tony Baker.

Mervin W. Warren and Eric W. Evans, both of Bernard & Davidson, of Granite City, for appellee Ricky Baker.

JUSTICE HOPKINS delivered the opinion of the court:

Defendant and third-party plaintiff, David J. Morrison (Morrison), appeals from the trial court's order reconsidering and revoking leave to file Morrison's third-party complaint against the third-party defendants, Ricky Baker (Ricky) and Tony Baker, d/b/a Baker's Auto Repair (Tony), at the hearing on the parties' post-trial motion following a jury trial. At the jury trial, a verdict was entered in favor of plaintiff, Alfred Ramsey (Ramsey), and against Morrison in the amount of $70,708.49. The jury also considered Morrison's third-party complaint against Ricky and Tony and apportioned the judgment as follows: 50% to Morrison and 50% to Ricky and Tony.

At the post-trial motion hearing, Ricky and Tony sought reversal of a prior order entered in this case allowing Morrison leave to file a third-party contribution action against them, and they also sought to have the court limit their liability to the amount of the workers' compensation lien paid by Tony, as opposed to the 50% liability entered by the jury. The trial court reversed the prior order allowing Morrison leave to file his third-party complaint, in essence granting Ricky's and Tony's motion to dismiss the third-party complaint, which had been denied earlier in this case. The court also determined that if Ricky was liable for contribution, he was immune under the Workers' Compensation Act (820 ILCS 305/5(a) (West 1992)) because he was a coemployee of Ramsey and his contribution was zero. Further, the court determined that if Morrison's contribution action had

been timely filed, Tony's liability under the Workers' Compensation Act would be the amount of the workers' compensation paid minus the 25% for attorney fees paid (*i.e.*, $27,457.36 minus $6,864.34) rather than the 50% liability under the judgment. It is from this order that Morrison appeals.

Morrison raises the following issues on appeal: (1) whether the court abused its discretion in reconsidering and reversing the order allowing leave to file Morrison's third-party complaint against Tony; (2) whether the court abused its discretion in reconsidering and reversing the order allowing leave to file Morrison's third-party complaint against Ricky, when the court determined that Ricky was immune from liability for contribution because he was a coemployee of Ramsey; (3) whether the court erred in determining that the amount of Tony's liability to Morrison, if the third-party complaint was allowed, would be $20,593.02 rather than $27,457.36; and (4) whether the court erred in finding that Morrison was restricted by the Workers' Compensation Act in the amount he could receive from Ricky for contribution because Ricky was Ramsey's coemployee. We reverse and remand for the reasons set forth below.

Before discussing the issues presented, a brief synopsis of the facts is as follows. On April 10, 1991, Ricky Baker was driving his truck northbound on Pierce Lane, an unmarked two-lane roadway, when he collided with Morrison, who was travelling southbound. Ramsey was a passenger in Baker's truck at the time of the collision, and he suffered a broken jaw from the collision. Ramsey and Baker were both employed by Tony Baker, d/b/a Baker's Auto Repair, and were acting in the scope of their employment at the time of the accident. The evidence presented through the testimony of both parties' witnesses was contradicted and impeached as to where the parties' vehicles were prior to the collision. Michael Strong, the deputy sheriff for Madison County who conducted an investigation of the accident and who was the most unbiased witness to testify, stated that both parties were a little over the center line before collision. Thus, the jury found in favor of Ramsey but determined that Ricky and Morrison were each 50% liable, as both were negligent. The jury's verdict on the negligence action, finding for Ramsey and against Morrison, is not on appeal, and the only issues to be considered relate to the third-party complaint and the liability owed by Morrison and Ricky and Tony. With this background, we now consider the issues presented on appeal. Any other facts necessary to our determination will be set forth under the appropriate issue.

The first issue is whether the court abused its discretion at the post-trial hearing by reconsidering and reversing the prior order al-

lowing Morrison to file his third-party complaint against Tony. Ramsey filed his negligence action against Morrison on September 20, 1991, and Morrison filed his answer to the complaint on October 28, 1991. On May 15, 1992, Morrison sought leave to file his third-party complaint against Ricky, which was granted by the court, and the third-party complaint was filed on June 10, 1992. Subsequently, on September 15, 1992, Morrison sought leave to file a third-party complaint against Tony, which was allowed, and that complaint was filed on September 26, 1992; however, summons was not issued until February 11, 1993, and it was served on February 29, 1993. Tony answered the third-party complaint on March 26, 1993, but Tony did not move to dismiss the third-party complaint until April 30, 1993. Also in the motion, Tony alternatively sought to continue trial. In the motion to dismiss, Tony raised the issue of the timeliness of the complaint. Tony's motion to dismiss was denied by the trial court on May 7, 1993, but his motion to continue trial was allowed, and trial was set for September 20, 1993. Various other motions to continue were filed by the parties, and trial in this cause did not begin until April 4, 1994. The record indicates that the only deposition for which Tony received notice was Thomas Garrett, Jr.; all other witnesses were deposed prior to Tony's entry into the case. However, Tony was represented by counsel and participated at trial. Following the entry of judgment on the jury's verdict, Tony filed a post-trial motion, in which he again raised the propriety of the trial court's ruling denying his motion to dismiss the third-party complaint, again raised the issue of the timeliness of the complaint, and alleged that he was prejudiced by the court's allowing leave to file the third-party complaint. After considering Tony's post-trial motion, the court reversed the order denying Tony's motion to dismiss the third-party complaint, finding that Tony was prejudiced by the late filing of the complaint and noting that Tony was not given notice of the filing of Ramsey's cause of action against Morrison as required under section 6(c) of the Workers' Compensation Act (820 ILCS 305/6(c) (West 1992)) and that Morrison was aware that this notice was not in the record, further prejudicing Tony. We find that the court abused its discretion in reconsidering and reversing the denial of Tony's motion to dismiss and striking Morrison's third-party complaint against Tony.

■ It has been held by the supreme court that, under the statute, a third-party contribution action must be filed during the pendency of the underlying action. (*Laue v. Leifheit* (1984), 105 Ill. 2d 191, 473 N.E.2d 939; *Grimming v. Alton & Southern Ry. Co.* (1990), 204 Ill. App. 3d 961, 562 N.E.2d 1086.) Even where a third-party contribution claim has been filed during the pendency of the underlying action, it

has been held that the trial court abused its discretion in allowing the filing of the third-party action where the filing was not timely and the third-party defendant was prejudiced. (*Grimming*, 204 Ill. App. 3d 961, 562 N.E.2d 1086; *Long v. Friesland* (1988), 178 Ill. App. 3d 42, 532 N.E.2d 914.) Factors which are included in the consideration as to whether a defendant was prejudiced by the late filing of the third-party complaint are the third-party plaintiff's explanation for the delay, the defendant's opportunity to participate in discovery, the defendant's representation at trial, and surprise to the defendant such that he was unable to prepare or present a defense or notify his insurance carrier. *Grimming*, 204 Ill. App. 3d 961, 562 N.E.2d 1086; *Long*, 178 Ill. App. 3d 42, 532 N.E.2d 914.

■ Here, there is no question that Morrison filed his third-party complaint during the pendency of the underlying cause of action; therefore, our consideration is restricted to whether the court abused its discretion in reversing the prior order denying Tony's motion to dismiss. We find that the court abused its discretion in reversing the prior order denying the motion to dismiss the third-party complaint. We also find that there was no evidence that Tony suffered prejudice in allowing Morrison to file his third-party complaint. Unlike the facts of *Grimming* and *Long*, where the third-party complaints were filed immediately prior to or during trial, Morrison filed his third-party complaint approximately a year and a half before trial commenced. Even given that Tony was not served the complaint until the end of February 1993, a year and one month before trial, there was more than adequate time for Tony to prepare and present a defense to the claim. Additionally, although Tony claims he was not presented an opportunity to participate in the depositions taken before he filed his answer, there was enough time for him to redepose any witness he chose. It must be presumed also that, even if he chose not to redepose the witnesses, which is what is indicated here, he at a minimum was able to receive copies of the depositions taken to see if there was anything helpful or harmful to his posture of the case. Tony was also represented by counsel at trial and was provided an opportunity to cross-examine witnesses and to present his case. We do not have anything in the record that indicates why Morrison delayed filing his third-party complaint, since there is no transcript of the hearing on the motion to dismiss that was conducted in May 1993. Therefore, we must presume that the trial court's original determination was correct.

In addition, the trial court's finding, implying that since Morrison was aware of the lack of notice of Ramsey's negligence cause of action, required under the Workers' Compensation Act, he was some-

how responsible for this, was also erroneous. Section 5(b) of the Workers' Compensation Act (820 ILCS 305/5(b) (West 1992)) clearly sets out that it is the employee's responsibility to notify his employer of any action brought against a third party for a work-related injury. The same reasoning this court applied in *Thies v. Korte-Plocher Construction Co.* (1994), 268 Ill. App. 3d 217, 644 N.E.2d 523, that a defendant cannot be made to stand in place of the employer for an " 'agreement to which they were not a party, to which they did not agree,' " can also be applied to an employee's responsibility and duty under the statute. (*Thies*, 268 Ill. App. 3d at 221, 644 N.E.2d at 526, quoting *Corley v. James McHugh Construction Co.* (1994), 266 Ill. App. 3d 618, 622-23, 639 N.E.2d 1374, 1377-78.) The notice provision was Ramsey's responsibility, not Morrison's, and Morrison cannot be held responsible for the lack of notice. Therefore, we find the trial court's reasoning, that the lack of notice to Tony of the negligence action brought by Tony's employee is somehow Morrison's responsibility, to be erroneous. For the foregoing reasons, we find that the trial court abused its discretion, and we reverse the trial court's order allowing the dismissal of the third-party complaint against Tony, and we thereby reinstate the third-party complaint and the jury's verdict on this complaint.

The next issue raised by Morrison is whether the trial court abused its discretion in reversing the prior order allowing the third-party complaint against Ricky because he is a coemployee of Ramsey. In its order, the trial court stated the following reasons for finding Ricky immune to contribution for liability:

"In *Kotecki* [*v. Cyclops Welding Corp.* (1991), 146 Ill. 2d 155, 585 N.E.2d 1023,] the court was required to strike a balance between the Contribution Act, 740 ILCS 100/0.01 *et seq.* (1992)[,] and the Worker's [*sic*] Compensation Act, 820 ILCS 305/1 *et seq.* (1992). The court held that the grant of immunity under [section] 5(a) of the Worker's [*sic*] Compensation Act required the employer's liability under the Contribution Act to be limited to its liability under the Worker's [*sic*] Compensation Act. *Kotecki*, 585 N.E.2d at 1028. The same reasoning applies to Ricky Baker because he is entitled to precisely the same immunity as his employer under the Act. *See* 820 ILCS 305/5(a) (1992). However, although immunity extends to employers and their agents, payment of benefits under the Act and receipt of lien reimbursements attaches solely to the employer. Therefore, under *Kotecki*, Ricky Baker's liability is zero, rendering him effectively immune from suit."

It appears from the court's foregoing determination that it concluded that Ricky was immune to suit for contribution, primarily because he

would have zero liability and he would have no right to reimbursement, unlike Tony. We do not agree with this reasoning.

■ While it is true that, under the Workers' Compensation Act, a coemployee has immunity against suit from another coemployee for injuries incurred within the scope of their employment (820 ILCS 305/5(a) (West 1992)), it is this court's position that the coemployee is not immune from liability for contribution to another joint tortfeasor, as the immunity is an affirmative defense to a tort action which must be pled and can be waived. In *Doyle v. Rodes* (1984), 101 Ill. 2d 1, 461 N.E.2d 382, the supreme court discussed the relationship between the Workers' Compensation Act and the Joint Tortfeasor Contribution Act (740 ILCS 100/0.01 *et seq.* (West 1992)). The supreme court stated therein:

> "[T]he intent of the contribution statute was to reach anyone who is culpable regardless of whether they have been immunized from a direct tort action by some special defense or privilege." (*Doyle,* 101 Ill. 2d at 9, 461 N.E.2d at 386.)

The supreme court also held that contribution is based upon equitable principles that require that the liability for a plaintiff's injuries be apportioned on the basis of the degree to which the conduct of the various defendants proximately caused the injuries. *Doyle,* 101 Ill. 2d at 16, 461 N.E.2d at 390.

The rationale of the *Doyle* decision has been applied in two other cases that disallowed tort immunity in barring a suit for contribution, one of parent-child immunity (*Hartigan v. Beery* (1984), 128 Ill. App. 3d 195, 470 N.E.2d 571) and the other involving tort immunity between spouses (*Wirth v. City of Highland Park* (1981), 102 Ill. App. 3d 1074, 430 N.E.2d 236). In both of these cases, it was determined that, while a direct action might not lie between the parent and child or between spouses, to allow these immunities to bar suits for contribution would compromise the purpose of the Joint Tortfeasor Contribution Act. These cases held that these applicable tort immunities are affirmative defenses; however, the tort immunities do not mean that these parties are not "subject to liability in tort." Therefore, they can be sued for contribution as this is not a derivative action but is a separate action allowed under statutory authority. As was noted in *Wirth,* if the legislature had intended certain immunities, such as the one raised in the case *sub judice,* it could have inserted language as the Tennessee legislature had in its contribution statute.

■ It is important to note, as was done in the *Wirth* case, that the comments on the legislative history of the Joint Tortfeasor Contribution Act indicate that common law and statutory immunities should not apply. Those comments, as set forth in *Wirth,* state as follows:

"The right [of contribution] is a separate right of restitution. It is not a derivative right and thus *is not barred by any common law or statutory immunity which would preclude the prime claimant from pursuing an action directly against the party from whom contribution is sought.*" (Emphasis added.) (*Wirth*, 102 Ill. App. 3d at 1081, 430 N.E.2d at 242 (quoting legislative history behind Senate Bill 308, published by the Chicago Bar Association's Civil Practice Committee, at 2, as quoted by Comment, *Comparative Contribution: The Legislative Enactment of the Skinner Doctrine*, 14 J. Mar. L. Rev. 173, 193 (1980)).)

Clearly, to disallow contribution from Ricky would be to circumvent the equitable purpose of the Joint Tortfeasor Contribution Act and would be against the legislative purpose as well. We find that the trial court abused its discretion in reversing the prior order allowing the third-party complaint against Ricky.

■ The third issue raised on appeal is whether the trial court erred in holding that if Tony was liable to Morrison, then the amount of that liability was $20,593.02 instead of $27,457.36, *i.e.*, 100% of the amount of workers' compensation benefits paid minus 25% for attorney fees. This issue was addressed in *Corley v. James McHugh Construction Co.* (1994), 266 Ill. App. 3d 618, 639 N.E.2d 1374. In *Corley*, it was found that the plain language of the Workers' Compensation Act required that the 25% to be paid for attorney fees was not to come from the third-party plaintiff but was clearly the responsibility of the third-party defendant/employer. To allow the third-party plaintiff to receive contribution in the amount of the total compensation benefits payable, as opposed to the 75%, would conform to the Workers' Compensation Act and would work no prejudice to the employer. The employer, by having a ceiling on the amount of its liability which is determined by the amount of workers' compensation benefits paid, is often going to be relieved of less liability for contribution to a third-party plaintiff. Because of this ceiling on its liability and because of the language of the Workers' Compensation Act mandating that attorney fees are to come out of the *employer's* reimbursement, an employer suffers no disadvantage and in fact has reaped an advantage by recouping at least part of its payment to the employee, in having the 25% attorney fees come out of the employer's reimbursement rather than having the third-party plaintiff absorb this cost. Thus, the trial court herein erred in finding that Morrison was allowed only 75% of the amount of workers' compensation benefits paid. Morrison is entitled to 100% of the benefits paid.

■ The last issue raised by Morrison is whether the court erred in determining that the *Kotecki* decision (*Kotecki v. Cyclops Welding*

*Corp.* (1991), 146 Ill. 2d 155, 585 N.E.2d 1023) limited the amount of contribution which can be recovered from a negligent coemployee joint tortfeasor to the amount of workers' compensation benefits paid. We agree with Morrison. The trial court herein relied on the holding in *Kotecki* in determining that no liability could attach to Ricky because his workers' compensation liability was zero and therefore the amount of contribution available to Morrison from Ricky was limited by the amount of liability under workers' compensation, *i.e.*, zero, rendering Ricky immune from any judgment. *Kotecki* only applied to the employer, and we will not extend a reading of *Kotecki* to a coemployee. Given our decision against Ricky earlier in this opinion, we find that there is no limit on contribution against Ricky, regardless that he is immune under workers' compensation to Ramsey directly. As noted earlier, a contribution action is a separate action and not derivative. We find that this separate action has no limits against a coemployee and that Ricky is liable to Morrison for his *pro rata* share of the judgment. This decision is in line with the concept that contribution is an equitable principle which is based upon the culpability of the joint tortfeasors. To allow Ricky complete immunity would effectively defeat the statutory purpose of the Contribution Act. Therefore, we find that the trial court erred in finding that Ricky's liability for contribution was zero because his liability under workers' compensation was zero.

For the foregoing reasons, we reverse and remand this cause to the circuit court of Madison County for reinstatement of the judgment in favor of Morrison and against Ricky and Tony and for the court to enter judgment in accordance with this opinion.

Reversed and remanded.

MAAG, P.J., and KUEHN, J., concur.