BERNICE M. MADISON, Plaintiff and Appellant, *v.* CLARK P. PIERCE et al., Defendants and Respondents.

No. 11834.
Submitted Sept. 17, 1970.
Decided Dec. 17, 1970.
478 P.2d 860.

Keefer & Roybal, Neil S. Keefer argued, Charles B. Bradley, Billings, for plaintiff-appellant.

Crowley, Kilbourne, Haughey, Hanson & Gallagher, Bruce R. Toole argued, Robert P. Ryan argued, Billings, for defendants-respondents.

MR. JUSTICE HASWELL delivered the Opinion of the Court.

An injured employee receiving workmen's compensation benefits brought a negligence action for the same injuries against three officers and a foreman of her corporate employer. Plaintiff sought to impose a personal liability on each defendant based upon his individual negligence. From orders granting summary judgments to all defendants by the district court of Yellowstone county, plaintiff appeals.

The single issue upon appeal: Does the Montana Workmen's Compensation Act bar a negligence action by a covered workman seeking damages for the same injuries against a co-employee? We hold the Act bars such suits, granting protection and immunity therefrom to fellow employees.

Plaintiff's complaint together with an agreed statement of fact furnish the background of this appeal. On June 14, 1967, plaintiff Bernice K. Madison was employed by Pierce Packing Co., a Montana corporation, at its packing plant in Billings, Montana. At that time she suffered an accidental injury arising out of and in the course of her employment. Her employer, Pierce Packing Co., was enrolled under Plan II of the Workmen's Compensation Act. Phoenix of Hartford In-

surance Company was the insurer. Claimant was being paid compensation under the Act at the rate of $37 per week.

While being paid compensation under the Act, plaintiff filed a negligence action against four defendants in the district court of Yellowstone county. This personal injury suit sought $150,000 damages for the same injury for which plaintiff was receiving benefits under the Workmen's Compensation Act. Defendants in this negligence action are: Clark P. Pierce, president of plaintiff's corporate employer; D. C. Stone, Jr., vice-president thereof; Paul R. Florey, secretary-treasurer thereof; and Eddie Ritz, a foreman thereof in charge of the work plaintiff was doing at the time of her injury.

In her negligence action plaintiff sought to establish a joint and several personal liability against defendants, bottomed on alleged negligence by each resulting in her injury. Plaintiff contends her accidental injury occurred while she was working on a machine or device called a wiener peeler, which she alleges was defective in its electrical operation. She alleges she was injured by an electrical shock when she came into contact with the wiener peeler with a metal rod holding wieners.

Plaintiff charges negligence on the part of each defendant in three counts which can be summarized in this manner: (1) Defendants' actual or implied knowledge of the defective machine and its danger to plaintiff, and thereafter allowing or compelling plaintiff to work upon it to her injury. (2) Defendants' authority and duty to maintain such machine in good working order; defendants' actual or implied knowledge that the machine was defective; defendants' failure to remedy the defect; and the resulting foreseeable injury to plaintiff whom they required to use the machine. (3) Maintenance of a nuisance consisting of the defective machine resulting in injury to plaintiff.

The district court granted summary judgment to each of

the four defendants based on the foregoing facts. Plaintiff appeals from the orders granting the summary judgments to all defendants.

The single underlying issue upon appeal heretofore stated is purely a question of law involving statutory construction of the Montana Workmen's Compensation Act, specifically section 92-204, R.C.M.1947, dealing with actions against third parties causing injuries. This section, as it existed on the date of plaintiff's injury, contained the title: *"Election of employer and employee to come under act—action against third party causing injury."* It provided that when both the employer and employee elect to come under the Workmen's Compensation Act, the provisions of the Act provide the exclusive remedy as between employer and employee and their respective successors in interest. Both employer and employee by their election to come under the Act surrender their respective rights to any other kind of determination concerning personal injury to the employee except "as such rights may be hereinafter specifically granted". Then follows the exception that is the focus of the present dispute:

"Provided, that whenever such employee shall receive an injury while performing the duties of his employment and such injury * * * [is] caused by the act or omission of some persons or corporations other than his employer, then such employee * * * shall in addition to the right to receive compensation under the Workmen's Compensation Act, have a right to prosecute any cause of action he may have for damages against such persons or corporations, causing such injury."

Completing section 92-204 are provisions relating to employer subrogation and lien rights; rights of the employer and his insurer to bring the action against a negligent third party in default of the employee's exercise of such right; and division of the proceeds collected in the third party action between the employer and the injured employee.

■ The specific question before us is whether section 92-204 granting immunity from common law or statutory negligence actions by the injured employee to "persons or corporations other than his employer" grants such immunity to coemployees of the injured workman.

At the outset it is clear that coemployees include executive and management personnel of corporate employers, as well as its workmen and laborers. Larson Workmen's Comp. V. 2, § 72.10, p. 179 and cases cited therein. This is true because they are hired or employed by the corporate employer as well as laborers and workmen's compensations acts generally cover them without distinction. It is equally true in Montana under the statutory definition of "employee" and "workman" contained in section 92-411 of our Workmen's Compensation Act. The Montana Act does not classify management or supervisory employees differently from workmen or laborers, but includes all without distinction within the terms "employee" or "workman".

The language of the Montana Act does not expressly specify whether coemployees are included or excluded from immunity from negligence actions by the injured employee. To determine the intent of the legislature in this regard, we must look to the purposes of the Act and its provisions for the accomplishment of such purposes.

The broad purpose of the Montana Workmen's Compensation Act is to substitute a system for the payment of medical costs and wage losses to injured employees without regard to fault, for the common law system of legal action by the injured employee against the one whose negligence proximately caused his injury. The principle behind this legislation was that the business enterprise or industry should directly bear the costs of injury to its employees in the same manner as the enterprise has always borne the costs of maintaining and repairing its plant, machinery and equipment. The business enterprise should pass along the costs of main-

tenance and repair of its human resources, its employees, in the same manner as is done in the case of other production costs, namely in the price at which its product is sold to the public. This underlying purpose finds summary expression in the familiar phrase "the cost of the product should bear the blood of the workman".

The foregoing purposes of the Montana Workmen's Compensation Act have been expressed and reiterated by this Court ad infinitum for over 50 years. Shea v. North-Butte Min. Co., 55 Mont. 522, 179 P. 499; Bruce v. McAdoo, 65 Mont. 275, 211 P. 772; Kerns v. Anaconda Copper Min. Co., 87 Mont. 546, 289 P. 563; Moffett v. Bozeman Canning Co., 95 Mont. 347, 26 P.2d 973; Clark v. Olson, 96 Mont. 417, 31 P.2d 283; State ex rel. Morgan v. Indus. Accident Bd., 130 Mont. 272, 300 P.2d 954; Mahlum v. Broeder, 147 Mont. 386, 412 P.2d 572.

To accomplish these purposes, the Act makes the employer liable for payment of compensation to his injured employee. Section 92-614, R.C.M.1947. This obligation may be discharged in three ways: (1) as a self-insurer (Plan I); (2) by insuring with a private insurance company (Plan II); or (3) by insurance with the State fund (Plan III). Under any of the three alternatives the employer pays the entire cost; no part of this cost is paid by any employee. The Act is exclusive; the employer and employee covered by it surrender as between themselves the right to adjudication of liability for injury to the employee by common law or statutory negligence action for damages. But the employee retains his right to such action against any "persons or corporations other than his employer" whose act or omission has caused his injury in addition to his right to compensation; if the employee brings such action, the employer is subrogated to the employee's rights to the extent of either (a) one-half of the amount paid to the employee at time suit is brought and on final award, or (b) one-half of employee's recovery in the negligence action, by

settlement or judgment, whichever is lesser; if the employee fails to bring such suit within six months of the time of injury, the employer may do so and from the settlement or judgment therein, retain the total compensation paid remitting any balance to the employee. Section 92-204, R.C.M.1947.

The foregoing purposes and structure of the Montana Workmen's Compensation Act demonstrate its foundation of enterprise liability for injury to its employees, paid directly by the employer in the first instance and ultimately passed on to the public in the price of its product. To permit an injured employee to collect compensation for injury from his employer under the Act and additionally sue a negligent coemployee of the same enterprise for the same injury, with the employer recouping his compensation payments, destroys the purposes and structure of the entire Act. We do not believe the legislature intended such result.

If section 92-204 were construed to withhold immunity to a coemployee from a negligence action, the cost of injury to an employee of the business would be shifted from the employer, where the Act places it, to a fellow employee, where the Act does not place it. It also would defeat the ultimate payment of injury cost by the public purchasing the product. This result would follow if section 92-204 were interpreted as urged by plaintiff because of the suit rights, subrogation rights, and lien rights granted the employer by this section. We cannot believe the legislature intended to permit the ultimate costs of employee injury to be borne by fellow employees, whether negligent or not. It would be a sad spectacle, indeed, for a workman to find his home taken and his future earnings subjected to payment of a judgment in such a suit; nor did the legislature intend to permit any such action.

The purposes and provisions of the Act can be fully effectuated by permitting negligence actions, in addition to compensation, only against strangers to the business enterprise.' There

is no reason why negligent strangers to the business should not pay the cost of injury to employees of the enterprise. The suit rights, subrogation rights, and lien rights granted to the employer under the Act, together with the compensation rights and suit rights granted the employee, permit ultimate collection of injury costs from a negligent stranger to the business enterprise. The Act does not cover strangers, only employees. There is no substitution of rights under the Act for common law remedies as between strangers on the one hand and employers and employees of the business on the other.

It is interesting to note that the construction we have placed on the provisions of the Montana Workmen's Compensation Act is consistent with that taken in an analysis appearing in 16 NACCA Law Journal at p. 180:

"Because of peculiar statutes, negligent co-employees share the employer's immunity from common law actions in  *  *  * Montana  *  *  *."

Although this was written in 1955, there have been no pertinent amendments in our statute from that time up to the date of injury in the instant case.

We now consider the principal arguments raised by plaintiff in opposition to the construction we have placed on the Act.

Initially, plaintiff contends the 1969 legislative amendment to section 92-204, contained in Chapter 270, Laws of 1969, expressly granting immunity to "the servants, and employees of such employer," denotes a change in the preexisting law in effect at the time of plaintiff's injury. Therefore, plaintiff argues, the preexisting law could not have granted immunity to coemployees. This argument has surface plausibility until the title to the amendment is considered: "An Act to Amend Section 92-204 of the Revised Codes of Montana 1947, to *Clarify and Define* in What Cases Actions may be Brought against Co-Employees." (Emphasis supplied.) This indicates

no legislative intent to change the existing law, but merely to clarify and define it.

Secondly, plaintiff contends that the liberal construction of the Act commanded by the legislature and enunciated by the courts requires us to deny immunity to a negligent coemployee when sued by the injured workman in a negligence action. Plaintiff's argument is that the Act is for the benefit of injured workmen, that the benefits under the Act do not fully compensate him for his injury, and as a consequence he should be permitted to recover from a negligent coemployee.

We do not understand liberal construction of the Act to require us to reject the principal purposes and provisions of the Act established by the legislature. The basis of the Montana Act is enterprise liability, the conduct of a coemployee is a part of the activities of the enterprise, and such coemployee is rendered immune from liability because of this. Since the employee's acts are the acts of his corporate employer for the purpose of establishing the employer's liability, they are equally so for the purpose of establishing the employee's liability. Liberal construction of the Act in favor of the injured workman does not compel us to ignore the equal rights of his fellow employees, specifically that the employer of a given business enterprise shoulder the costs of injury to his employees without recourse to contribution from coemployees.

Plaintiff's third argument is that the Workmen's Compensation Act, being in derogation of common law, should be strictly construed to permit plaintiff's suit in the instant case. We accept the rule that statutes eliminating common law rights should be strictly construed. But where, as here, common law rights cannot be preserved within the structure of the statutory Workmen's Compensation Act and the purpose of such Act cannot be fulfilled without their elimination, it is apparent that the legislature eliminated such common law rights by implication, if not by express language. Our Act

and the common law right to sue a fellow employee cannot coexist, so the latter must give way.

Finally, plaintiff seeks to persuade us to follow the majority rule in other jurisdictions having similar statutes thereby denying immunity to coemployees, citing particularly Hockett v. Chapman, 69 N.M. 324, 366 P.2d 850 (1961); Ransom v. Haner (Alaska 1961), 362 P.2d 282; and Roda v. Williams, 195 Kan. 507, 407 P.2d 471 (1965).

At the outset we recognize that a vast majority of jurisdictions having statutes granting immunity to "persons other than the employer" or to "third persons" hold a coemployee not within the grant of immunity. See: 21 A.L.R.3d 845; 37 Texas Law Review 389, 404; Larson Workmen's Comp. V. 2, § 72.10. We note that while the quoted language is useful for purposes of classification of the different types of Acts throughout the United States, it furnishes no basis for a penetrating analysis of coemployee immunity in a particular state. It completely ignores other statutory provisions of the Act; its purposes, structure, and statutory interpretations; its legislative history; and similar pertinent indications of legislative intent. After all, the question of coemployee immunity is purely a question of statutory construction of the Act of a given state.

Hockett v. Chapman, supra, although based in part on the legislative history of the New Mexico Act, furnishes the rationale behind the holdings of the majority at p. 853 of 366 P.2d:

"The basic reasoning behind these holdings is that the workmen's compensation laws have predicated an employer's liability to his employee on the employer-employee relationship and not in tort; that consequently the right of an employee to receive benefits under workmen's compensation is not based on fault or negligence, but is contractual in nature; that a negligent employee is not liable for compensation and is, therefore, a stranger to the Act, being a person other than

the employee entitled to receive compensation and the employer liable to pay it. Further, that coemployees are in no way subject to the provisions of the compensation act in their relationship with each other. Some of these courts have said that to hold otherwise would be to unjustly confer upon a workman freedom to neglect his duty towards a fellow employee and immunize him against all liability for damages proximately caused by his negligence. (Citing authorities)"

Insofar as the Montana Act is concerned none of these arguments have vitality or pertinence. As heretofore developed in detail, Montana's Act is founded on the principle of enterprise liability and enterprise immunity. Therefore the contractual liability of the employer and the immunity of the coemployee in tort coexist; the coemployee is a member of the enterprise and not a stranger to the Act; that injury costs are not subject to being shifted around among the members of the enterprise, i.e. employer, employee, and coemployee, but remain solely the obligation of the employer; and until some demonstrable evidence is forthcoming of the deterrent effect of tort actions on employee job-safety practices, this argument must repose in the realm of fantasy.

Accordingly, we hold that section 92-204, R.C.M.1947, as it existed on the date of plaintiff's injury, June 14, 1967, barred plaintiff's negligence action against all four coemployee defendants.

The orders of the district court granting summary judgment to defendants are affirmed.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES CASTLES, JOHN C. HARRISON and DALY, concur.