MR. CHIEF JUSTICE HASWELL,
dissenting:
I respectfully dissent. I would affirm the District Court’s summary judgment dismissing the Massey’s action against Selensky on the ground that it is barred by the Montana Workers’ Compensation Act.
Massey has been accorded full benefits under the Workers’ Compensation Act. He now seeks damages from his co-employee, Selensky. In declining to affirm the dismissal of the *74 damage action by the District Court, the majority have ignored the fundamental purpose and structure of Montana’s Workers’ Compensation Act.
We have previously expressed that purpose and structure in this language:
“The foregoing purposes and structure of the Montana Workmen’s Compensation Act demonstrate its foundation of enterprise liability for injury to its employees, paid directly by the employer in the first instance and ultimately passed on to the public in the price of its product. To permit an injured employee to collect compensation for injury from his employer under the Act and additionally sue a negligent co-employee of the same enterprise for the same injury, with employer recouping his compensation payments, destroys the purposes and structure of the entire Act. We do not believe the legislature intended such result.
“If Section 92-204 were construed to withhold immunity to a co-employee from a negligence action, the cost of injury to an employee of the business would be shifted from the employer, where the Act places it, to a fellow employee, where the Act does not place it. It also would defeat the ultimate payment of injury cost by the public purchasing the product. This result would follow if Section 92-204 were interpreted as urged by plaintiff because of the suit rights, subrogation rights, and lien rights granted the employer by this section. We cannot believe the legislature intended to permit the ultimate costs of employee injury to be borne by fellow employees, whether negligent or not. It would be a sad spectacle, indeed, for a workman to find his home taken and his future earnings subjected to payment of a judgment in such a suit; nor did the legislature intend to permit any such action.
“The purposes and provisions of the Act can be fully effectuated by permitting negligence actions, in addition to compensation, only against strangers to the business enterprise. There is no reason why negligent strangers to the business should not pay the cost of injury to employees of the enter *75 prise. The suit rights, subrogation rights, and lien rights granted to the employer under the Act, together with the compensation rights and suit rights granted the employee, permit ultimate collection of injury costs from a negligent stranger to the business enterprise. The Act does not cover strangers, only employees. There is no substitution of rights under the Act for common law remedies as between strangers on the one hand and employers and employees of the business on the other.” Madison v. Pierce (1970), 156 Mont. 209, 215-216, 478 P.2d 860, 864.
Although the Act has been amended twice since Madison, the amendments are irrelevant to the foregoing principles and analysis. Ch. 550, Laws of Montana (1977); Ch. 397, Laws of Montana (1979). Additionally, Section 92-204, R.C.M. 1947, has been recodified as Sections 39-71-411 through 39-71-414, MCA.
The District Court found that Selensky was acting in the course and scope of his employment at the time of Massey’s injury. This makes him a co-employee immune from a damage action by Massey by statute (Sections 39-71-411 and 39-71-412, MCA) and case law (Madison v. Pierce, supra). No hair splitting and remand should render a co-employee liable in a damage action.
MR. JUSTICE WEBER, dissenting:
I concur in the foregoing dissent of Mr. Chief Justice Haswell.