NOTICE: Under Supreme Court Rule 367 a party has 21 days after the filing of the opinion

to request a rehearing. Also, opinions are subject to modification, correction or withdrawal at

anytime prior to issuance of the mandate by the Clerk of the Court. Therefore, because the

following slip opinion is being made available prior to the Court's final action in this matter,

it cannot be considered the final decision of the Court. The official copy of the following

opinion will be published by the Supreme Court's Reporter of Decisions in the Official

Reports advance sheets following final action by the Court.

                                    

           Nos. 80303, 80304 cons.--Agenda 21--September 1996.

    ALFRED RAMSEY v. DAVID J. MORRISON, Appellee (Ricky Baker et al.,

                              Appellants).

                     Opinion filed February 6, 1997.

     JUSTICE BILANDIC delivered the opinion of the court:

     The primary issues in this appeal concern the application of

this court's decision in Kotecki v. Cyclops Welding Corp., 146 Ill.

2d 155 (1991). We are asked to determine: (1) whether a third party

sued by an injured employee may recover contribution from a

coemployee who is immune from a direct suit by the employee under

section 5(a) of the Workers' Compensation Act (820 ILCS 305/5(a)

(West 1992)), and (2) how an employer's contribution liability

under Kotecki is calculated with relation to the attorney fees and

costs provision of section 5(b) of the Workers' Compensation Act

(820 ILCS 305/5(b) (West 1992).

                                   FACTS

     On April 10, 1991, third-party defendant Ricky Baker was

driving a truck northbound on a two-lane roadway when he collided

with a southbound vehicle driven by the defendant, David Morrison.

The plaintiff, Alfred Ramsey, was a passenger in Ricky Baker's

truck and he sustained a broken jaw as a result of the collision.

Both the plaintiff and Ricky Baker were employees of third-party

defendant Tony Baker, d/b/a Baker's Auto Repair, who is also

Ricky's father. The parties stipulated that both the plaintiff and

Ricky Baker were acting within the scope of their employment at the

time of the accident.

     The plaintiff received compensation for his injury under the

Workers' Compensation Act (820 ILCS 305/1 et seq. (West 1992)) from

his employer, Tony Baker, d/b/a Baker's Auto Repair. On September

20, 1991, the plaintiff filed suit against David Morrison in the

circuit court of Madison County, charging that Morrison's

negligence caused the collision. Morrison thereafter filed a third-

party complaint for contribution against Ricky Baker, alleging that

Ricky Baker's negligence caused the collision. This third-party

complaint incorrectly alleged that Ricky Baker was the employer of

the plaintiff. Subsequently, however, Morrison filed an amended

third-party complaint adding a claim for contribution against Tony

Baker, as the plaintiff's employer. The amended third-party

complaint retained the claim for contribution against Ricky Baker,

the plaintiff's coemployee. The complaint charged that Ricky

Baker's negligence caused the collision, and that Tony Baker, as

Ricky Baker's employer, was vicariously liable for Ricky Baker's

negligence.

     Tony Baker moved to dismiss the amended third-party complaint

on the ground that it was untimely filed. The trial court denied

the motion. The record also contains an order denying Ricky Baker's

motion to dismiss the third-party complaint, although the record

does not contain a motion to dismiss filed by Ricky Baker. 

     The case proceeded to trial before a jury between April 4 and

8, 1994. At trial, differing accounts of the accident were

presented by the plaintiff, Ricky Baker, and Morrison. However, a

Madison County deputy sheriff who investigated the accident

testified that both Morrison's and Ricky Baker's vehicles had gone

over the center line of the road before the collision.

     On April 8, 1994, the jury returned a verdict in favor of the

plaintiff and against the defendant, Morrison, assessing the

plaintiff's damages at $70,708.49. The jury also found in favor of

Morrison and against Ricky and Tony Baker on Morrison's third-party

complaint. The jury apportioned liability as follows: 50% to

Morrison and 50% to Ricky and Tony Baker. The trial judge issued an

order adjudicating the employer's liability under the Workers'

Compensation Act at $27,457.36.

     All parties except the plaintiff filed post-trial motions. The

defendant, Morrison, also filed a separate motion for judgment on

his contribution verdicts against Ricky and Tony Baker. Ricky

Baker's post-trial motion argued, inter alia, that he could not be

liable for contribution to Morrison because he was immune as the

plaintiff's coemployee. The trial judge agreed and entered judgment

in favor of Ricky Baker. Tony Baker's post-trial motion argued,

inter alia, that his motion to dismiss Morrison's third-party

action on the ground of timeliness should have been granted. The

trial court granted Tony Baker's motion on this basis and entered

judgment in his favor. Based upon these rulings, Morrison's motion

for judgment on his contribution verdicts was denied. The trial

court did, however, rule conditionally on the issue of the limit of

employer Tony Baker's contribution liability, pursuant to section

2--1202(f) of the Code of Civil Procedure (735 ILCS 5/2--1202(f)

(West 1992)). The trial court resolved this issue by holding that

the workers' compensation benefits paid to the plaintiff by the

employer constituted the full extent of the employer's liability,

and the employer should pay nothing further to the plaintiff or to

Morrison. The court also determined, however, that the plaintiff

was entitled to collect 25% of that amount for his attorney fees

pursuant to section 5(b) of the Workers' Compensation Act (820 ILCS

305/5(b) (West 1992)). The trial court therefore held that the

amount of the set-off Morrison was entitled to receive as a result

of his contribution judgment against the employer would be reduced

by 25% for the section 5(b) fees, to equal 75% of the workers'

compensation benefits paid.

     Morrison appealed, and the appellate court reversed. 276 Ill.

App. 3d 111. The appellate court held first that the trial court

abused its discretion in granting the employer's post-trial motion

to dismiss Morrison's third-party action, finding no prejudice to

the employer resulting from the timing of the third-party

complaint. The appellate court also held that the trial court

abused its discretion in granting coemployee Ricky Baker's post-

trial motion to dismiss. The appellate court concluded that a

coemployee's immunity under the Workers' Compensation Act does not

bar an action for contribution against him. Last, the appellate

court reversed the trial court's determination that Morrison's

contribution judgment against the employer should be reduced by 25%

for the attorney fees obligation under section 5(b). The court held

that an employer's contribution liability is limited only to the

amount of workers' compensation benefits paid, with no reduction

for section 5(b) fees. The appellate court remanded the cause for

reinstatement of the judgment in favor of Morrison and against

Ricky and Tony Baker.

     We granted the petitions for leave to appeal filed by the

employer, Tony Baker, and by the coemployee, Ricky Baker, and

consolidated the two cases for our review. 155 Ill. 2d R. 315. We

now affirm in part and reverse in part the appellate court's

judgment.

                                 ANALYSIS

                                     I

     We first consider whether the trial court correctly dismissed

Morrison's contribution action against Ricky Baker, the plaintiff's

coemployee, on the ground that the coemployee was immune from

liability. We hold that the trial court correctly dismissed

Morrison's contribution action against the plaintiff's coemployee.

     As noted, at the time of the accident, Ricky Baker and the

plaintiff were employees of Baker's Auto Repair and were acting in

the course of their employment. Under these circumstances, Ricky

Baker, as a coemployee, is immune from a common law negligence suit

by the plaintiff pursuant to section 5(a) of the Workers'

Compensation Act. Section 5(a) provides, in pertinent part:

               "No common law or statutory right to recover damages

          from the employer *** or the agents or employees of ***

          [the employer] for injury or death sustained by any

          employee while engaged in the line of his duty as such

          employee, other than the compensation herein provided, is

          available to any employee who is covered by the

          provisions of this Act ***." 820 ILCS 305/5(a) (West

          1992).

This section operates to make workers' compensation benefits the

exclusive remedy of an injured employee against a negligent

coemployee acting in the course of his or her employment. Fregeau

v. Gillespie, 96 Ill. 2d 479, 484 (1983); Rylander v. Chicago Short

Line Ry. Co., 17 Ill. 2d 618, 628 (1959) (Workers' Compensation Act

bars action by injured employee against coemployee based on

coemployee's negligence in the course of his or her employment).

The plaintiff has not attempted to directly sue the coemployee for

his injuries. Rather, the plaintiff sued a third party, Morrison,

who in turn sought contribution toward that liability from the

coemployee. The issue here presented, then, is whether a third

party sued by an injured employee may recover contribution from a

coemployee who is immune from a direct suit by the plaintiff.

     The right to contribution is premised on the notion that a

party should not be forced to pay more than its proportionate share

of a liability shared with another culpable party. The right to

contribution, however, will occasionally clash with an immunity

from direct suit possessed by the party from whom contribution is

sought. This court in Doyle v. Rhodes, 101 Ill. 2d 1 (1984), held

that a party's immunity from direct suit by the plaintiff may not

necessarily immunize that party from a contribution claim by a

defendant sued by the plaintiff. In Doyle, it was held that the

immunity from suit by an injured employee granted to an employer

under the Workers' Compensation Act did not preclude a contribution

action against the employer by a third party sued by the employee.

Doyle, 101 Ill. 2d at 14.

     The right of contribution will not always prevail over the

competing immunity. Rather, our courts balance the policy

considerations supporting contribution against those supporting

immunity to determine which doctrine should prevail in a particular

case. See, e.g., Buell v. Oakland Fire Protection District Board,

237 Ill. App. 3d 940, 943-44 (1992) (balancing the policies

underlying the statutory immunity granted to public rescue services

versus those supporting contribution and holding that the immunity

should prevail); Stephens v. Cozadd, 159 Ill. App. 3d 452, 458-59

(1987) (holding that the public policy considerations supporting

public officials' immunity required that the immunity be applied to

bar contribution actions as well as direct actions); Hartigan v.

Beery, 128 Ill. App. 3d 195, 198-99 (1984) (holding that the

policies underlying parent-child immunity were outweighed by the

policies supporting contribution); Moon v. Thompson, 127 Ill. App.

3d 657, 659 (1984); Larson v. Buschkamp, 105 Ill. App. 3d 965, 969-

71 (1982).

     We performed such a balancing inquiry in the workers'

compensation setting in Kotecki v. Cyclops Welding Corp., 146 Ill.

2d 155 (1991). In Kotecki, this court considered the amount of

contribution which a third party sued by an injured employee could

obtain from the plaintiff's employer. Kotecki, 146 Ill. 2d at 164-

65. In addressing this issue, Kotecki acknowledged that there was

an "underlying controversy between workers' compensation and

contribution." Kotecki, 146 Ill. 2d at 162. This court identified

the competing interests of the employer versus the third party as

follows:

          " `If contribution or indemnity is allowed [from the

          employer], the employer may be forced to pay his

          employee--through the conduit of the third-party

          tortfeasor--an amount in excess of his statutory workers'

          compensation liability. This arguably thwarts the central

          concept behind workers' compensation, i.e., that the

          employer and employee receive the benefits of a

          guaranteed, fixed-schedule, nonfault recovery system,

          which then constitutes the exclusive liability of the

          employer to his employee. [Citation.] If contribution or

          indemnity is not allowed, a third-party stranger to the

          workers' compensation system is made to bear the burden

          of a full common-law judgment despite possibly greater

          fault on the part of the employer. This obvious inequity

          is further exacerbated by the right of the employer to

          recover directly or indirectly from the third party the

          amount he has paid in compensation regardless of the

          employer's own negligence. [Citations.] Thus, the third

          party is forced to subsidize a workers' compensation

          system in a proportion greater than his own fault and at

          a financial level far in excess of the workers'

          compensation schedule.' " Kotecki, 146 Ill. 2d at 162-63,

          quoting Lambertson v. Cincinnati Corp., 312 Minn. 114,

          119-20, 257 N.W.2d 679, 684 (1977).

We struck a balance between these competing interests in Kotecki by

allowing the third party to obtain contribution from the employer,

but only up to the amount of the employer's worker's compensation

liability. That balance substantially preserved the employer's

immunity under the workers' compensation scheme by limiting the

employer's liability for contribution. The third party's right to

contribution, on the other hand, was only partially preserved. As

we explained:

          " `[This approach] allows the third party to obtain

          limited contribution, but substantially preserves the

          employer's interest in not paying more than workers'

          compensation liability. While this approach may not allow

          full contribution recovery to the third party in all

          cases, it is the solution we consider most consistent

          with fairness and the various statutory schemes before

          us.' " Kotecki, 146 Ill. 2d at 165, quoting Lambertson,

          312 Minn. at 130, 257 N.W.2d at 689.

Thus, to some extent, preserving the policies underlying the

workers' compensation system took precedence over the third party's

right to contribution in Kotecki.

     We must conduct a similar balancing of policies to determine

whether the third party's right to contribution should prevail over

the immunity granted to coemployees by the Workers' Compensation

Act. We hold that coemployee immunity is an important facet of the

workers' compensation system which must prevail over the third

party's right to contribution.

     Coemployee immunity has been recognized as integral to a basic

purpose of our workers' compensation system. This court has

repeatedly noted:

          "[T]he basic purpose of workmen's compensation [is] to

          place the cost of industrial accidents upon the industry.

          That purpose would be blunted if the cost of those

          accidents was shifted from one employee to another within

          the industry. So far as persons within the industry are

          concerned, the Workmen's Compensation Act eliminated

          fault as a basis of liability." Rylander v. Chicago Short

          Line Ry. Co., 17 Ill. 2d 618, 628 (1959).

See also Meerbrey v. Marshall Field & Co., 139 Ill. 2d 455, 469

(1990); Fregeau v. Gillespie, 96 Ill. 2d 479, 484 (1983).

     Similarly, this court has observed:

          "[If coemployee immunity were not recognized] an employee

          who has inadvertently injured a fellow worker would be

          forced to bear the sole cost of defending and satisfying

          the common-law action without any part of the cost being

          passed on to the industry, since the common employer's

          liability is expressly limited to the compensation award.

          [Citation.] In view of the fact that a considerable

          portion of industrial injuries can be traced to the

          negligence of a coworker, such litigation could reach

          staggering proportions, and would not only tend to

          encourage corrupt and fraudulent practices but would also

          disrupt the harmonious relations which exist between

          coworkers. The avoidance of such results is most

          certainly beneficial to the employee." O'Brien v.

          Rautenbush, 10 Ill. 2d 167, 174 (1956), overruled on

          other grounds, Rylander, 17 Ill. 2d at 628.

See also Mitsuuchi v. City of Chicago, 125 Ill. 2d 489, 495 (1988).

     Accordingly, this court has recognized that the immunity

granted to coemployees under our workers' compensation system is

not merely gratuitous, but is tied to a basic purpose of workers'

compensation.

     The highest court of a sister state has written expansively on

this principle. Madison v. Pierce, 156 Mont. 209, 478 P.2d 860

(1970). We find that court's comments on the policies underlying

coemployee immunity to be instructive:

               "The broad purpose of the Montana Workmen's

          Compensation Act is to substitute a system for the

          payment of medical costs and wage losses to injured

          employees without regard to fault, for the common law

          system of legal action by the injured employee against

          the one whose negligence proximately caused his injury.

          The principle behind this legislation was that the

          business enterprise or industry should directly bear the

          costs of injury to its employees in the same manner as

          the enterprise has always borne the costs of maintaining

          and repairing its plant, machinery and equipment.

                                   * * *

               If [the Act] were construed to withhold immunity to

          a coemployee from a negligence action, the cost of injury

          to an employee of the business would be shifted from the

          employer, where the Act places it, to a fellow employee,

          where the Act does not place it. It also would defeat the

          ultimate payment of injury cost by the public purchasing

          the product. *** We cannot believe the legislature

          intended to permit the ultimate costs of employee injury

          to be borne by fellow employees, whether negligent or

          not. It would be a sad spectacle, indeed, for a workman

          to find his home taken and his future earnings subjected

          to payment of a judgment in such a suit." Madison, 156

          Mont. at 213-15, 478 P.2d at 863-64.

     Clearly, a central purpose of the workers' compensation system

is to place the cost of employee injuries on the enterprise or the

industry, and that purpose is accomplished, in part, by granting

immunity to coemployees whose negligence caused or contributed to

the injury. Under this system, an employee injured on the job is

compensated for his injuries by the employer's payment of workers'

compensation benefits. Those benefits cover not only the liability

of the employer, but also that of the employer's other employees

who negligently caused the injury in the course of their

employment. In other words, the liability of the coemployee is paid

by the employer in the form of workers' compensation benefits and

the coemployee is immune from suit. In this manner, the system

achieves the goal of placing the burden of employee injuries on the

employer.

     Allowing contribution to be recovered from a coemployee would

entirely defeat the effect of the immunity granted to coemployees

and would thereby defeat a central purpose of the Workers'

Compensation Act. Contribution from a coemployee would allow the

cost of employee injuries to be placed on the coemployee. Moreover,

the coemployee could be forced to subsidize the employer's payment

of workers' compensation benefits. A third party sued by an injured

employee could choose to sue only the coemployee, and not the

employer, for contribution. Consequently, if a judgment was

rendered for the injured employee, and the coemployee was found

liable for contribution to that judgment, at least a part of the

employer's reimbursement of its workers' compensation lien will

have been paid by the coemployee. This result flies in the face of

the intent of the workers' compensation scheme. As the Minnesota

Supreme Court observed in addressing coemployee immunity under that

state's worker's compensation statute:

               "To allow an employee to sue his fellow worker for

          negligence and thus permit his employer to be reimbursed

          from the recovery for workers' compensation benefits

          already paid is `to shift tort liability from employer to

          fellow employee in a manner never intended by the

          workers' compensation system.' " Peterson v. Kludt, 317

          N.W.2d 43, 48 (Minn. 1982), quoting Minnesota Workers'

          Compensation Study Commission, A Report to the Minnesota

          Legislature and Governor 41 (1979).

     Considering the important role coemployee immunity plays in

our workers' compensation scheme, and the fact that contribution

from the coemployee would defeat that immunity, we must conclude

that the immunity prevails over the right to contribution.

Accordingly, we hold that where coemployee immunity under the

Workers' Compensation Act would bar a direct suit against the

coemployee, it will also bar a third-party contribution action

against the coemployee. 

     This holding is entirely consistent with Kotecki. In Kotecki,

we allowed contribution to be obtained from the employer, but only

up to the amount of the employer's liability under the Workers'

Compensation Act. In this manner, the employer's interest in

limiting its liability to workers' compensation benefits was

substantially preserved. Contribution was allowed only to the

extent that it did not impair this important facet of the workers'

compensation system. We have found here that allowing contribution

to be recovered from an otherwise immune coemployee would defeat a

basic purpose of the workers' compensation system. Thus, in keeping

with Kotecki, the right to contribution must fall.

     Further, we note that a third party sued by an injured

employee is not, as a result of this holding, entirely without

recourse when the negligence of the plaintiff's coemployee caused

or contributed to the plaintiff's injury. Under Kotecki, the third

party may still recover contribution, albeit in a limited amount,

from the employer. In many cases, the basis for imposing

contribution liability on the employer will be the negligence of a

coemployee. By pursuing a contribution action against the employer,

the third party is thereby able to recover some contribution

premised on the coemployee's negligence. In essence, the

contribution allowed to be recovered from the employer under

Kotecki constitutes the maximum contribution a third party may

obtain for the negligence of either the employer or a coemployee

acting in the course of his or her employment. In keeping with the

intent of the Workers' Compensation Act, however, that liability

must be paid by the employer, not by the coemployee.

     In sum, we hold that the immunity granted to coemployees under

section 5(a) of the Workers' Compensation Act (820 ILCS 305/5(a)

(West 1992)) may be raised as a bar in both direct actions and

third-party contribution actions. In this case, there is no dispute

that the coemployee, Ricky Baker, would be immune from a direct

negligence suit by the plaintiff under section 5(a). Morrison's

third-party claim for contribution against Ricky Baker is therefore

also barred by section 5(a). The circuit court properly dismissed

Morrison's third-party action against Ricky Baker on this basis.

                                    II

     We next address whether the trial court abused its discretion

in granting employer Tony Baker's post-trial motion. As noted,

Morrison's pretrial motion for leave to file his third-party action

against the employer was granted, and the employer's pretrial

motion to dismiss that action was denied. A different judge

presided at trial and post-trial proceedings than had presided over

pretrial matters. That judge granted the employer's post-trial

motion and dismissed the third-party action against the employer.

The trial judge determined that the employer was prejudiced because

several depositions were taken before he was joined in the action.

We agree with the appellate court that the post-trial order

dismissing Morrison's third-party action against the employer was

an abuse of discretion.

     The employer does not contend that Morrison's third-party

action was filed outside the applicable statute of limitations. The

employer nonetheless challenges the timeliness of the third-party

action. Morrison's third-party action sought contribution from the

employer under the Joint Tortfeasor Contribution Act (740 ILCS

100/0.01 et seq. (West 1992)). Section 5 of the Contribution Act

states that an action for contribution may be asserted by a

separate action before or after payment, by counterclaim or by

third-party complaint in a pending action. 740 ILCS 100/5 (West

1992). In Laue v. Leifheit, 105 Ill. 2d 191 (1984), this court

interpreted section 5 to require that, where an underlying action

has been filed, a third-party contribution action must be filed

during the pendency of the underlying action or it is barred.

Morrison's amended third-party complaint was filed during the

pendency of the underlying action, and was thus timely under Laue.

Even where a third-party contribution action is filed during the

pendency of the underlying action, however, it may still be

considered untimely where there was such a delay in filing that the

third-party defendant would be prejudiced if the complaint were

allowed to stand. See Grimming v. Alton & Southern Ry. Co., 204

Ill. App. 3d 961, 977-78 (1990); Long v. Friesland, 178 Ill. App.

3d 42, 59-60 (1988). The record in this case shows that the

employer was not prejudiced by the timing of Morrison's third-party

action.

     A review of the procedural history of this case is necessary

for resolution of this issue. The plaintiff filed his action

against Morrison on September 20, 1991. Morrison answered the

complaint on October 28, 1991. In answers to interrogatories filed

on March 23, 1992, the plaintiff stated that he was employed at

"Baker's Auto Repair." On May 15, 1992, Morrison sought leave to

file a third-party complaint for contribution against Ricky Baker,

charging that Ricky Baker's negligence caused the accident. This

third-party complaint alleged that, at the time of the collision,

the plaintiff was an employee of "Ricky W. Baker, d/b/a Baker's

Auto Repair." Leave to file this third-party complaint was granted

by the circuit court on June 1, 1992, and the complaint was filed

on that date. Accordingly, as of this time, it was apparent that

Morrison was acting under the impression that Ricky Baker was the

plaintiff's employer.

     In August 1992, however, the plaintiff filed answers to

interrogatories propounded by Ricky Baker in which the plaintiff

listed "Tony Baker d/b/a Baker's Auto Repair" as his employer at

the time of the collision. On September 15, 1992, Morrison moved

for leave to file an amended third-party complaint, adding Tony

Baker, the employer, as a third-party defendant. The depositions of

the plaintiff, Morrison and Ricky Baker, previously scheduled and

continued on several occasions, were taken on September 23, 1992.

The trial judge entered an order on September 26, 1992, granting

Morrison's motion for leave to file the amended third-party

complaint and Morrison's amended third-party complaint was filed

that same date. Count I again charged Ricky Baker, the plaintiff's

coemployee, with negligently causing the collision, but added that

Ricky Baker was acting as the employee/agent of Tony Baker at the

time of the accident. Count II charged Tony Baker, d/b/a Baker's

Auto Repair, with vicarious liability for the negligent acts of his

employee/agent, Ricky Baker.

     Morrison's amended third-party complaint was not served on the

employer, Tony Baker, until February 29, 1993. Prior to the time

the employer was served, the depositions of the deputy sheriff who

investigated the accident and a treating doctor were taken. Upon

being served, the employer did not immediately move to dismiss the

complaint but, rather, answered the complaint on March 26, 1993. It

was not until two months after he was served that the employer

filed a motion to dismiss challenging the timeliness of the amended

third-party complaint. The employer's motion charged that the

amended third-party complaint was not timely filed, and that the

delay had prejudiced him because he did not have adequate time to

prepare for trial. Alternatively, the motion asked the court to

continue the trial date so as to allow the employer "sufficient

time to conduct discovery and prepare for trial." The trial court

entered an order on May 7, 1993, denying the motion to dismiss, but

continuing the trial date to September 20, 1993, and extending

discovery to September 1, 1993. The trial eventually began on April

4, 1994, 13 months after the employer was served. The employer,

represented by counsel, participated fully in the trial.

     These facts demonstrate that the employer's motion to dismiss

the amended third-party complaint was properly denied, and the

post-trial order reversing that ruling was an abuse of discretion.

The employer's motion to dismiss was clearly concerned with the

impending trial date and the lack of time to conduct discovery and

prepare for trial. The trial judge alleviated this concern by

continuing both the trial date and the time for conducting

discovery. Ultimately, the trial did not take place until 13 months

after the employer was served. The employer thus had ample time to

conduct discovery and prepare for trial. This is particularly true

here, where the employer's alleged liability was premised solely on

vicarious responsibility for another, Ricky Baker, a party to the

action who also happens to be the employer's son.

     The employer's argument that he was prejudiced because several

depositions were taken before he was served must be rejected. The

employer had 13 months within which he could have sought to take

the depositions of those deponents, if he chose. The employer took

no such action. Thus, the record reveals no prejudice to the

employer sufficient to warrant dismissal of the third-party

contribution claim.

     The employer also asserts that, even if he was not prejudiced,

dismissal was warranted because Morrison failed to offer a

reasonable explanation for failing to file the third-party action

against the employer earlier. We disagree. Section 2--406(b) of the

Code of Civil Procedure provides that a defendant may file a third-

party action "[w]ithin the time for filing his or her answer or

thereafter by leave of court." 735 ILCS 5/2--406(b) (West 1992).

This court has stated that third-party actions are favored and

trial courts should be liberal in granting leave to file them.

People v. Brockman, 143 Ill. 2d 351, 365 (1991). The third-party

plaintiff's explanation for failing to file a third-party action

earlier is simply one factor to be considered in assessing whether

prejudice to the third-party defendant outweighs the right to file

an otherwise timely action. Where there is clearly no prejudice to

the third-party defendant, dismissal of the third-party action is

not appropriate simply because the third-party plaintiff failed to

provide an explanation for not filing earlier. In any event, the

record in this case amply demonstrates that Morrison had a

reasonable explanation for failing to file a third-party action

against the employer earlier. The record reveals that, prior to the

filing of the amended third-party complaint, Morrison was acting

under the misconception that Ricky Baker, not Tony Baker, was the

plaintiff's employer.

     The cases cited by the employer are easily distinguishable. In

both Grimming v. Alton & Southern Ry. Co., 204 Ill. App. 3d 961

(1990), and Long v. Friesland, 178 Ill. App. 3d 42 (1988), the

contribution actions were filed either days before, or during,

trial, and the third-party defendants were thus clearly prejudiced

by the late filing. No comparable facts are present here. Rather,

the employer here was served with the amended third-party complaint

13 months prior to trial and was in no manner prevented from

preparing for, or participating in, the trial. We therefore hold

that the circuit court's post-trial order granting the employer's

motion to dismiss Morrison's third-party action was an abuse of

discretion. Accordingly, we reverse the circuit court's order

dismissing Morrison's third-party complaint against the employer,

and reinstate the third-party complaint against the employer and

the jury's verdict on that complaint.

                                    III

     Having reinstated the jury verdict on Morrison's third-party

complaint against the employer, we must next consider the amount of

contribution which Morrison is entitled to recover from the

employer.

     This court first considered the amount of contribution that a

third party sued by an injured employee could obtain from the

plaintiff's employer in Kotecki v. Cyclops Welding Corp., 146 Ill.

2d 155 (1991). There, we adopted the "Minnesota rule," which holds

that an employer may be liable for contribution, but the amount of

the employer's contribution is limited to the amount of its

workers' compensation liability. Accordingly, under Kotecki, the

employer here may be liable in contribution to Morrison for no more

than the amount of his workers' compensation liability. The dispute

here centers on how that amount is to be calculated with regard to

the attorney fees and costs provision of section 5(b) of the

Workers' Compensation Act. 820 ILCS 305/5(b) (West 1992).

     Section 5(b) of the Workers' Compensation Act requires an

employee who has received workers' compensation benefits to

reimburse the employer for those benefits from any recovery the

employee receives from a third party liable for the employee's

injuries. Wilson v. The Hoffman Group, Inc., 131 Ill. 2d 308, 311

(1989). This provision grants the employer a statutory lien on any

recovery the employee obtains from a third party, equal to the

amount of the workers' compensation benefits paid or owed. Kotecki,

146 Ill. 2d at 165; Corley v. James McHugh Construction Co., 266

Ill. App. 3d 618, 621 (1994). Section 5(b) further provides as

follows:

               "Out of any reimbursement received by the employer

          pursuant to this Section, the employer shall pay his pro

          rata share of all costs and reasonably necessary expenses

          in connection with such third-party claim, action or suit

          and where the services of an attorney at law of the

          employee or dependents have resulted in or substantially

          contributed to the procurement *** of the proceeds out of

          which the employer is reimbursed, then, in the absence of

          other agreement, the employer shall pay such attorney 25%

          of the gross amount of such reimbursement." (Emphasis

          added.) 820 ILCS 305/5(b) (West 1992).

This provision requires an employer to pay, out of any

reimbursement received from the employee, its pro rata share of the

employee's costs and expenses and, unless otherwise agreed, 25% of

the gross amount of the reimbursement as fees to the employee's

attorney, if the attorney's services substantially contributed to

the reimbursement. " `The plain purpose of this provision *** [is]

to require an employer to contribute to the necessary costs of the

employee's recovery against a negligent third party where the

employer is to receive reimbursement from the recovery for

workmen's compensation payments made or to be made to the

employee.' " In re Estate of Callahan, 144 Ill. 2d 32, 46 (1991),

quoting Reno v. Maryland Casualty Co., 27 Ill. 2d 245, 247 (1962). 

     The employer argues that, pursuant to Kotecki, he may not be

required to pay both contribution to Morrison in an amount equal to

the workers' compensation benefits paid, and section 5(b) attorney

fees to the plaintiff or his attorney. The employer notes that, if

he is required to pay both, his reimbursement from the plaintiff

will be reduced by 25% for attorney fees and he will obtain a

reimbursement of only 75% of the workers' compensation benefits

paid. However, he will also be required to pay an amount equal to

100% of the benefits in contribution to Morrison. Thus, he asserts,

he will ultimately be paying an amount equal to 125% of his

workers' compensation liability, in violation of Kotecki. The

trial court agreed with the employer and held, in effect, that the

amount of contribution owed by the employer should be limited to

75% of the workers' compensation benefits.

     We agree with the appellate court that the trial court erred

in limiting Morrison's contribution judgment to 75% of the workers'

compensation benefits paid. We hold that the employer's liability

for contribution should be limited only by the amount of workers'

compensation benefits paid, with no reduction for the employer's

section 5(b) share of attorney fees and costs. In Kotecki, we

determined that an employer's contribution liability is limited to

the amount of the employer's "workers' compensation liability."

Kotecki, 146 Ill. 2d at 164-65. The employer's "workers'

compensation liability" clearly denotes the amount of benefits the

employer owes under the Workers' Compensation Act, not the amount

of reimbursement the employer is entitled to recover from the

employee. The fact that the employer may also have to pay section

5(b) attorney fees and costs is irrelevant to the determination of

the employer's workers' compensation liability, and is therefore

irrelevant to the determination of the employer's contribution

liability.

     This is the only conclusion that is consistent with the

language of section 5(b). Reducing the amount of contribution

recoverable by the third party to reflect section 5(b) fees would,

in effect, shift the obligation to pay attorney fees under section

5(b) from the employer to the third party. The attorney fees and

costs provision of section 5(b) is an obligation imposed on the

employer, however. There is no basis in section 5(b) for shifting

this obligation to the third party. See Thies v. Korte-Plocher

Construction Co., 268 Ill. App. 3d 217, 219-22 (1994); Corley v.

James McHugh Construction Co., 266 Ill. App. 3d 618, 622-25 (1994).

Moreover, the rationale for imposing this obligation on the

employer is that the employer receives a benefit as a result of the

employee's having prosecuted the third-party action, namely,

reimbursement. The third party, on the other hand, clearly receives

no benefit as a result of having been sued by the employee.

     The Minnesota Supreme Court has reached this same conclusion

with regard to a provision in the Minnesota workers' compensation

statute which reduced the employer's reimbursement from the

employee's recovery by a portion of the employee's attorney fees in

pursuing suit against the third party. Kordosky v. Conway Fire &

Safety, Inc., 304 N.W.2d 616 (Minn. 1981). As noted, in Kotecki

this court adopted the "Minnesota rule" espoused in Lambertson v.

Cincinnati Corp., 312 Minn. 114, 257 N.W.2d 679 (1977). Kotecki,

146 Ill. 2d at 164. We therefore deem it appropriate to examine how

the Minnesota Supreme Court has resolved this issue.

     In Kordosky v. Conway Fire & Safety, Inc., 304 N.W.2d 616

(Minn. 1981), the Minnesota Supreme Court considered whether, under

Lambertson, the employer's liability for contribution was the full

amount of workers' compensation benefits, or should be reduced in

the same manner as the employer's reimbursement from the employee

would be reduced for attorney fees. The Kordosky court rejected the

argument that the employer's contribution liability should be

reduced to only that amount which the employer will obtain in

reimbursement from the employee. The court reasoned:

          "In Lambertson, this court attempted to balance the

          interests of the employee, employer and third party. As

          the court noted, `the third party's interest is that of

          any other cotortfeasor--to limit its liability to no more

          than its established fault.' [Citation.] In order to

          vindicate this interest, the court allowed the third

          party to obtain contribution from the employer up to the

          amount of the employer's workers' compensation liability.

          [Citation.] If the court adopted [this] solution, the

          contribution that the third party is able to obtain from

          the employer, already severely limited in many cases,

          will be further reduced. Moreover, since the reduction

          mandated [by the workers' compensation statute] reflects

          attorneys fees expended by the employee to obtain the

          recovery from the third party, to pass this reduction on

          to the third party would be to require the third party to

          pay for the privilege of being sued. This is not

          consistent with the equitable principles that form the

          basis of the Lambertson holding." Kordosky, 304 N.W.2d at

          621.

We agree with the Minnesota Supreme Court that the third party

should not be required to "pay for the privilege of being sued."

The trial court therefore erred in reducing the employer's

contribution liability to 75% of the workers' compensation benefits

paid.

     We note that the employer also argues that, if he is required

to pay contribution to Morrison in an amount equal to 100% of the

workers' compensation benefits, he should not be required to pay

section 5(b) attorney fees and costs. The employer would thus

deprive the plaintiff and his attorney of section 5(b) fees and

costs in this case.

     We do not address whether the employer may avoid his section

5(b) obligation to pay fees and costs to the plaintiff in this

case. The issue we are called upon to decide is the amount of

contribution that Morrison is entitled to recover from the

employer. We have held that Morrison is entitled to recover

contribution in an amount equal to 100% of the workers'

compensation benefits paid, and that whether the employer must pay

section 5(b) fees to the plaintiff is irrelevant to this

determination. The employer's argument that he should not be

required to pay section 5(b) fees in this case would impact the

recovery of the plaintiff and his attorney. The plaintiff is not a

party to this appeal, and issues regarding the employer's

obligations to the plaintiff or his attorney are not before us. We

decline to address this issue without the benefit of argument on

the plaintiff's behalf. We therefore hold only that Morrison is

entitled to recover contribution from the employer in an amount

equal to 100% of the workers' compensation benefits paid,

regardless of the employer's obligation to pay fees and costs under

section 5(b). To the extent that the appellate court's judgment may

have addressed the issue of whether the employer must pay section

5(b) fees to the plaintiff or his attorney, that holding is

vacated.

     Accordingly, we reverse the circuit court's ruling that the

employer's contribution liability to Morrison is limited to 75% of

the workers' compensation benefits paid. On remand, the circuit

court is directed to enter an order holding the employer liable for

contribution to Morrison in the full amount of workers'

compensation benefits paid by the employer.

                                CONCLUSION

     For the reasons stated, we affirm in part and reverse in part

the appellate court's judgment. We reverse the appellate court's

holding reversing the circuit court's dismissal of Morrison's

third-party action against Ricky Baker. We affirm the appellate

court's holding reversing the circuit court's dismissal of

Morrison's third-party action against Tony Baker. We also affirm

the appellate court's holding reversing the circuit court's order

limiting Tony Baker's contribution liability to 75% of workers'

compensation benefits paid. To the extent that the appellate

court's judgment addressed the issue of whether the employer must

pay section 5(b) fees to the plaintiff or his attorney, that

holding is vacated. This cause is remanded to the circuit court for

further proceedings consistent with this opinion.

Appellate court affirmed in part

                                                    and reversed in part;

                                           circuit court affirmed in part

                                                    and reversed in part;

                                                          cause remanded.

                                                                         

     JUSTICE HARRISON, concurring in part and dissenting in part:

     I agree that we should affirm the appellate court's holding

reversing the circuit court's dismissal of Morrison's third-party

action against Tony Baker. I also agree that we should affirm the

appellate court's holding reversing the circuit court's order

limiting Tony Baker's contribution liability to 75% of workers'

compensation benefits paid. What I cannot agree with is my

colleagues' determination that the circuit court was correct in

dismissing Morrison's third-party action against Ricky Baker.

     In Kotecki v. Cyclops Welding Corp., 146 Ill. 2d 155 (1991),

this court reaffirmed the proposition stated in Doyle v. Rhodes,

101 Ill. 2d 1 (1984), that the Workers' Compensation Act (820 ILCS

305/1 et seq. (West 1992)) did not bar third-party actions for

contribution under the Contribution Act (740 ILCS 100/0.01 et seq.

(West 1992)). Although Doyle and Kotecki both dealt with

contribution actions against an employer, there is nothing in the

reasoning of those cases that would justify a different result when

the contribution action is brought against a coemployee. The

statutory provisions involved are precisely the same.

     In ruling as it does, the majority asserts that third-party

actions against coemployees should be prohibited because allowing

compensation to be recovered from an otherwise immune coemployee

would defeat a basic purpose of the workers' compensation system.

My colleagues forget, however, that this is merely one side of the

equation. The other side is that granting immunity to a coemployee

under the Workers' Compensation Act defeats a basic purpose of the

Contribution Act. Indeed, it renders the Contribution Act

meaningless.

     This court has long recognized the tension between the two

laws, but the solution the majority fashions today is wholly

improper. Rather than trying to give effect to both statutes, as it

should, the majority simply decides that where the Workers'

Compensation and Contribution Acts conflict, the Workers'

Compensation Act will prevail. There is no basis in the law for

this view. To the contrary, as Justice Freeman noted in his

dissenting opinion on denial of rehearing in Kotecki, settled rules

of statutory construction yield the conclusion that the Workers'

Compensation Act must give way to the later-enacted and more

specific Contribution Act. Kotecki, 146 Ill. 2d at 168, 173

(Freeman, J., dissenting from denial of rehearing).

     For the foregoing reasons, I would affirm the judgment of the

appellate court in full.